In re ESTATE OF Andrew
Jonathan WAGNER.

Appeal of Commonwealth of
Pennsylvania, Department
of Public Welfare.

In Re Estate of Andrew
Jonathan Wagner.

Appeal of Lehigh County Office of
Children and Youth Services.

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 2001.
Decided Jan. 11, 2002.
Reargument Denied March 5,
2002 in 556 C.D. 2001.

Carol Ulichney, Allentown, for appellant, Department of Public Welfare.

John D. Reinhart, Allentown, for appellant, Lehigh County Office of Children and Youth Services.

Jeffry L. Gilbert, Allentown, for appellee.

Before SMITH–RIBNER, Judge, KELLEY, Judge,[1] and JIULIANTE, Senior Judge.

SMITH–RIBNER, Judge.

Appellants Department of Public Welfare (DPW) and Lehigh County Office of Children and Youth Services (Lehigh CYS) appeal an order of the Court of Common Pleas of Lehigh County that granted the petition of Harry and Cherrie Wagner (Appellees) for the issuance of a subpoena duces tecum to the regional director of the Pennsylvania Office of Children and Youth Services. The subpoena sought all notes, records, reports and correspondence prepared and compiled in connection with a review of the Lehigh CYS procedures in the child abuse investigation of Joanne Stout, who killed Appellees' minor son Andrew Jonathan Wagner (Decedent) while he was in Stout's temporary care. Appellants contend that the trial court erred as a matter of law in concluding that Appellees are authorized to view and receive copies of the "child death review"[2] that DPW conducted into the performance of Lehigh CYS as a result of Decedent's death.

## I

On February 18, 1999, Decedent sustained fatal injuries while in the temporary

---

1. The decision in this case was reached prior to the date that Judge Kelley assumed the status of senior judge on December 31, 2001.

2. A "child death review" is a review of a public agency's operation that DPW conducts when a child dies as a result of suspected child abuse and there was either an open case prior to the death of the child or some interaction between the child's family and the public agency. *See* N.T., at p. 16.

care of Stout, who was providing daycare services to Appellees. At the time, Decedent was 14 months old. Stout pleaded guilty to third-degree homicide in April 2000, and she was sentenced to 10 to 40 years of incarceration. DPW conducted a child death review, which inquired into the performance of Lehigh CYS with respect to prior child abuse investigations of Stout. The child death review was conducted pursuant to DPW's authority under Section 6343(b) of the Child Protective Services Law (Law), *as amended*, 23 Pa.C.S. § 6343(b), to direct a performance audit.[3] A document was generated as a result of the review, which included interviews with all agency staff who had any connection to the case and review of available medical records along with interviews of any witnesses to the child abuse, the perpetrator, the parents of the subject of the review and the parents of any other children who might have been cared for by the perpetrator.

On October 10, 2000, Appellees were appointed administrators of Decedent's estate by virtue of letters of administration issued by the Lehigh County Register of Wills. Thereafter Appellees filed their petition for issuance of a subpoena duces tecum, seeking pre-complaint discovery from DPW to allow Appellees to determine whether Decedent's estate has a claim against Lehigh CYS or other public agencies for the handling of the prior investigations of Stout. In answer, DPW asserted that the requested material is confidential under the Law and that Appellees do not fall within any of the categories of people entitled to receive the child death review. After holding an evidentiary hearing, the trial court concluded that Appellees were

entitled to receive a copy of the child death review under the exception to confidentiality for subjects of a report provided in Section 6303(b) of the Law, *as amended*, 23 Pa.C.S. § 6303(b). The court ordered DPW to produce the requested documents, redacting all names and identities of persons reporting any suspected child abuse or cooperating with the performance audit.

■ Generally, appellate review of an order in a discovery matter is the abuse of discretion standard. *Smith v. Philadelphia Gas Works*, 740 A.2d 1200 (Pa. Cmwlth.1999). In this case, no material facts are in dispute, and therefore the only issue is whether Appellees are entitled to receive copies of the child death review. Construing the Law is a purely legal question; therefore, the Court's scope of review is plenary and the standard of review is error of law. *Wagner v. Wagner*, 564 Pa. 448, 768 A.2d 1112 (2001). The Court is cognizant that DPW's interpretations of the requirements of the Law are entitled to deference because DPW is the agency charged with implementation of the statute. *Cruz v. Department of Public Welfare*, 80 Pa.Cmwlth. 360, 472 A.2d 725 (1984). The Court, however, will not defer to an agency interpretation that is unreasonable. *Nolan v. Department of Public Welfare*, 673 A.2d 414 (Pa.Cmwlth.1995).

The Rules of Civil Procedure do not permit discovery or deposition relating to matters that are privileged. Pa. R.C.P. Nos. 4003.1(a) and 4011(c). The question in this case is whether the child death review is privileged as a confidential communication under the Law. *S.M. by R.M. v. Children and Youth Services of Dela-*

---

**3.** Section 6343(b) of the Law provides as follows:

 **(b) Performance audit.**—Notwithstanding any other provision of this chapter, the secretary or a designee of the secretary may direct, at their discretion, and after reasonable notice to the county agency, a performance audit of any activity engaged in pursuant to this chapter.

*ware County,* 686 A.2d 872 (Pa.Cmwlth. 1996). Section 6339 of the Law, *as amended,* 23 Pa.C.S. § 6339, provides:

> Except as otherwise provided in this subchapter, reports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of the department or a county agency shall be confidential.

The parties refer to the document created after the child death review as a report in their brief and in the proceedings before the trial court. It is noteworthy, however, that the term "report" appears nowhere in Section 6343(b), which provides the statutory authority under which DPW conducted the child death review.

 The confidentiality provision of Section 6339 is drafted with broad language. Nevertheless, the Court is not convinced that any document that DPW produces pursuant to its authority under the Law and labels as a report is covered by the confidentiality provision. Although the Law does not define the term "reports," Section 6303 does describe several types of reports relating to suspected or confirmed child abuse. They include "founded report," "founded report for school employee," "indicated report," "indicated report for school employee" and "un-

founded report." Accordingly, the Court concludes that the term "reports" as used in Section 6339 is intended to refer to reports of suspected or confirmed child abuse made under the Law. To the extent that the child death review discusses the performance of Lehigh CYS rather than suspected or confirmed child abuse, the review is not a report made within the meaning of Section 6339,[4] and therefore the child death review is not subject to the confidentiality provisions insofar as it discusses only Lehigh CYS' performance.

II

DPW argues that important policy considerations militate against disclosure of the child death review because disclosure would be counterproductive to DPW's oversight responsibilities. DPW maintains that performance evaluations of county agencies must be completed in an atmosphere that assures confidentiality in order to promote the necessary candor. The Pennsylvania Supreme Court has adopted the description of the purposes of the confidentiality provisions of the Law provided in *V.B.T. v. Family Services of Western Pennsylvania,* 705 A.2d 1325, 1336 (Pa.Super.1998), *aff'd,* 556 Pa. 430, 728 A.2d 953 (1999)(footnote omitted):

> The type of disclosure advocated by these plaintiffs, in contrast, is not aimed at helping the abused child or the abusive family, nor is it intended to facilitate criminal prosecution of the abuser.

---

4. The understanding of the term "reports" as reports of suspected or confirmed child abuse is further advanced by Section 6311 of the Law, *as amended,* 23 Pa.C.S. § 6311, which relates to persons required to report suspected child abuse, and Section 6312, 23 Pa.C.S. § 6312, which relates to the reporting procedure for reports of suspected child abuse. The Court recognizes, however, that the term "report" is used in a different context in Section 6347 of the Law, *as amended,* 23 Pa.C.S.

§ 6347, to describe a document which DPW is required annually to prepare and transmit to the Governor and the General Assembly. This report involves a full statistical analysis of the reports of suspected child abuse made to DPW and other matters relating to the performance of DPW's implementation of the Law. County agencies are required to submit quarterly reports to DPW with certain statistical information to assist DPW's preparation of its annual report.

Rather, it is geared towards vindicating the injuries suffered by the plaintiffs and their daughter. While these interests are important, our legislature has made the judgment that attempting to remedy the serious problem of child abuse in our society and to protect and rehabilitate the powerless victims of such abuse is of superior importance. We thus must conclude that discovery by the plaintiffs of materials protected by the Child Protective Services Law, which is neither authorized by the provisions of the [Law] itself nor in furtherance of its goals, may not be permitted. The Court is not convinced that, in addition to the purposes described above, the Legislature further intended to create a privilege to protect the disclosures of DPW or local agency workers about their job performance and the job performances of their colleagues.

◼ The Court acknowledges the principle that privileges to protect against disclosure operate as an impediment to the search for truth and that they therefore must not be lightly created nor expansively construed. *V.B.T.* Although the child death review is not a report within the meaning of Section 6339 of the Law, that section makes confidential "any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse." Thus the child death review is confidential only to the extent that it contains any information or other material obtained by Lehigh CYS concerning alleged instances of suspected or confirmed child abuse.

◼ The Court must next determine whether Appellees fall within the categories of people to whom confidential material may be released under the Law. Such

categories of people are identified in Section 6340(b) of the Law, *as amended*, 23 Pa.C.S. § 6340(b),[5] which provides:

> **Release of information to subject of report.**—At any time and upon written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c), contained in the Statewide central register or in any report filed pursuant to section 6313 (relating to reporting procedure).

Section 6303(a) of the Law, *as amended*, 23 Pa.C.S. § 6303(a), defines "subject of a report" as: "Any child, parent, guardian or other person responsible for the welfare of a child or any alleged or actual perpetrator or school employee named in a report made to the Department of Public Welfare or a county agency under this chapter." As parents of Decedent, Appellees may be classified under the category "subject of a report," in addition to Decedent as the trial court concluded. For this reason, Appellees are entitled to receive any portion of the child death review that derives from information contained in the Statewide central register or in a report filed pursuant to Section 6313 of the Law, which mentions Appellees or Decedent.

Any information in the child death review concerning suspected or confirmed child abuse perpetrated against another child must remain confidential under the Law. The Supreme Court has held that the interests protected by the confidentiality provisions of the Law outweigh those of a plaintiff seeking money damages in a negligence action. *V.B.T.* The plaintiffs in *V.B.T.* sought damages for the physical and sexual abuse that their young daughter suffered, allegedly at the hands of a

---

**5.** Appellees advance no argument in their brief that, as administrators of Decedent's estate, they are the equivalent of guardians ad litem for Decedent or court designated advocates for Decedent entitled to the release of information under Section 6340(a)(3).

foster child living with the plaintiffs' neighbors. The defendants sought protective orders to prevent disclosure of all records concerning the foster child's history of abuse. After noting that the plaintiffs did not fall within any of the categories of persons to whom confidential material was available under the Law, the Supreme Court balanced the competing interests and concluded that the plaintiffs' right to seek financial compensation for injuries suffered by their daughter did not outweigh the important interests protected by the confidentiality provisions of the Law.

Accordingly, after an analysis of applicable statutory provisions and case law, the Court affirms the order of the trial court insofar as it requires DPW (1) to produce those portions of the child death review that pertain to the performance of Lehigh CYS without discussing any other child abuse case, (2) to produce those portions of the child death review that derive from any source of information mentioning Appellees' or Decedent's names which is contained in the Statewide central register or in a report filed pursuant to Section 6313 of the Law and (3) to redact all of the names and identities of persons reporting any suspected or confirmed child abuse or cooperating with the performance audit prior to production of the child death review documents pursuant to Section 6340(c), 23 Pa.C.S. § 6340(c). The trial court may review the complete child death review *in camera* upon request of the parties to assure compliance. This matter is remanded to the trial court for further proceedings in the case.

### ORDER

AND NOW, this 11th day of January, 2002, the order of the Court of Common Pleas of Lehigh County is hereby affirmed in accordance with the foregoing opinion.

This case is remanded to the court for further proceedings.

Jurisdiction is relinquished.