DAUPHIN COUNTY SOCIAL SER-
VICES FOR CHILDREN AND
YOUTH, Petitioner

v.

DEPARTMENT OF PUBLIC
WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 30, 2004.

Decided July 30, 2004.

William M. Shreve, Harrisburg and Ja-
son Kutulakis, Carlisle, for petitioners.

Doreena L. Craig, Harrisburg, for intervenor, C.E.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Dauphin County Social Services for Children and Youth (SSCY) petitions for review of the November 24, 2003 order of the Bureau of Hearings and Appeals (Bureau) of the Department of Public Welfare (DPW) granting the motion of Intervenor C.E. (indicated sexual abuse perpetrator) to compel discovery. The Bureau directed SSCY, in regard to an expunction hearing, to provide Intervenor with all information contained in the Child Protective Services file relative to the investigation except for identity of the person who reported the suspected abuse and of any other person whose disclosure would be detrimental to his or her safety pursuant to *Commonwealth v. Kennedy*, 413 Pa.Super. 95, 604 A.2d 1036 (1992).[1]

On or about October 26, 2002, SSCY received a child abuse referral alleging that on October 25 Intervenor had sexually abused a three-year-old victim (D.D.). SSCY concluded its investigation and made an indicated finding of sexual abuse naming Intervenor as the perpetrator, and it confirmed its finding on DPW forms commonly referred to as CY–47 and CY–48. Intervenor's counsel requested a hearing before the Bureau. SSCY's counsel offered to provide Intervenor's counsel a copy of CY–48, stating that discovery was limited and that the normal avenues of discovery available in civil proceedings were precluded by the Law and by applicable regulations. In July 2003 Intervenor filed a motion to compel discovery or to prohibit SSCY from presenting evidence not properly disclosed, which was granted on August 14, 2003.

In September 2003 Intervenor filed another motion to compel the release of further discovery or to prohibit SSCY from presenting evidence. On November 24, 2003, the Bureau granted this second motion, which is the subject of the present petition for review.[2] The Bureau's order

---

1. SSCY contends that the Bureau abused its discretion in ordering discovery; that it erred in relying on *Kennedy* in that the Sixth Amendment Confrontation Clause does not afford perpetrators of sex abuse the right to review Children and Youth files to prepare an appeal from the indicated finding of abuse; that the order represents an impermissible declaration that Section 6340 of the Child Protective Services Law (Law), *as amended*, 23 Pa.C.S. § 6340, is unconstitutional; and that disclosure of Agency records would violate other statutory privileges. The Court ordered that the petition was proper under Pa. R.A.P. 313, which provides for appeal as of right from a collateral order. DPW filed a notice of non-participation, and Intervenor counterstates the question as whether the appeal should be dismissed as an improper collateral attack on a prior related and unappealed order.

2. Intervenor stated that SSCY had provided the Child Protective Service Investigation Report CY–48, the Childline Report of Suspected Child Abuse and Neglect CY–47 and the Report of Suspected Child Abuse to Law Enforcement Official. Nevertheless, Intervenor asserted entitlement to (1) any evidence favorable to him and material to whether the case should be marked as founded, indicated or unfounded "in the possession or under the control of [SSCY] or [SSCY's] witnesses"; (2) any witness confession or inculpatory statement in the possession and control of SSCY or its witnesses; (3) the results of any identification of Intervenor by voice, photograph or in-person identification; (4) and (5) the results and reports of any scientific tests, expert opinions and written or recorded reports of polygraph examinations or other physical or mental examinations of Intervenor or of D.D. in the possession and control of SSCY; (6) any tangible objects including documents, photographs, fingerprints or other tangible

provided Intervenor with access to all information in the Child Protective Services file relative to the investigation but denied access to any psychotherapeutic records not contained in that file or not in the possession of SSCY or its counsel.[3]

I

The statutory framework involved in this case includes the following provisions. The basic broad rule of confidentiality is in Section 6339 of the Law, *as amended*, 23 Pa.C.S. § 6339, relating to confidentiality of reports:

> Except as otherwise provided in this subchapter, reports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and written reports made pursuant to section 6313(b) and (c) (relating to reporting procedure) as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of the department or a county agency shall be confidential.

Section 6340, relating to release of information in confidential reports, in subsection (a) enumerates persons who may receive confidential reports, in subsection (b) designates the information that may be released to the subject of a report and in subsection (c) provides for protection of the identity of persons reporting suspected abuse:

> (a) **General rule.**—Reports specified in section 6339 (relating to confidentiali-

ty of reports) shall only be made available to:

> . . . .

> (5) A court of competent jurisdiction, including a district justice, a judge of the Philadelphia Municipal Court and a judge of the Pittsburgh Magistrates Court, pursuant to court order or subpoena in a criminal matter involving a charge of child abuse under section 6303(b) (relating to definitions). Disclosure through testimony shall be subject to the restrictions of subsection (c).

> . . . . .

> (b) **Release of information to subject of report.**—At any time and upon written request, a subject of a report may receive a copy of all information, except that prohibited from being disclosed by subsection (c), contained in the Statewide central register or in any report filed pursuant to section 6313 (relating to reporting procedure).

> (c) **Protecting identity of person making report.**—Except for reports pursuant to subsection (a)(9) and (10) [relating to release to law enforcement officials and the district attorney], the release of data that would identify the person who made a report of suspected child abuse or the person who cooperated in a subsequent investigation is prohibited unless the secretary finds that the release will not be detrimental to the safety of that person. Law enforcement officials shall treat all reporting sources as confidential informants.

---

evidence; (7) the transcripts of recordings of any electronic surveillance and the authority by which they were obtained; and (8) all written and recorded statements and substantially verbatim oral statements of eyewitnesses that SSCY intended to call at the time of hearing. Motion of Intervenor of September 8, 2003, Reproduced Record 168a—169a.

3. The Court's review of a discovery order is for abuse of discretion, but where no facts are disputed and a pure question of law is presented the review is for error of law. *In re Estate of Wagner*, 791 A.2d 444 (Pa.Cmwlth.), *appeal granted*, 572 Pa. 718, 813 A.2d 848 (2002).

Section 6303(a) of the Law, *as amended,* 23 Pa.C.S. § 6303(a), defines "Subject of the report" as "[a]ny child, parent, guardian or other person responsible for the welfare of a child or any alleged or actual perpetrator or school employee named in a report made to the Department of Public Welfare or a county agency under this chapter." Section 6313, *as amended,* 23 Pa.C.S. § 6313, provides the reporting procedure to be followed by those persons described in Section 6311, *as amended,* 23 Pa.C.S. § 6311 (persons who in the course of their employment, occupation or practice of profession come into contact with children and who suspect on the basis of their medical or other training and experience that a child brought before them is abused), including the information to be submitted in written reports. Section 6336(a), *as amended,* 23 Pa.C.S. § 6336(a), specifies and limits the information to be maintained in the Statewide central register.[4]

## II

SSCY first argues that the Bureau abused its discretion and erred in its order compelling SSCY to provide additional discovery. It asserts that the information contained in the Statewide central register was provided to Intervenor in the CY–47 and CY–48 forms, as required by Section 6340(b). It acknowledges the duty to provide information specified in Section 6313 from reports of abuse, but it asserts that no such report was received. SSCY contends that the Bureau erred in relying on *Commonwealth v. Kennedy,* where a defense counsel's request in a criminal proceeding to review the file in the possession of a Child Protective Services agency was denied. The Superior Court vacated the sentence and remanded for a new trial after concluding that a "practical reading" of the grant of access to a subject of a report in essentially identical language in the predecessor to Section 6340(b) was to afford access to the defendant to all information in the file relative to the investigation, subject to protection of identity.

The controlling case, SSCY argues, is this Court's more recent decision in *In re Estate of Wagner,* 791 A.2d 444 (Pa. Cmwlth.), *appeal granted,* 572 Pa. 718, 813 A.2d 848 (2002). There parents of a child who suffered fatal injuries while at day care, for which the provider pleaded guilty to third-degree homicide, secured a pre-complaint subpoena duces tecum to examine the "child death review" that DPW conducted regarding the performance of the local children and youth services office (CYS) pursuant to authority of the Secretary of DPW to conduct performance audits of any activity engaged in by a local agency pursuant to the Law. The Court determined that the parents fell within the Section 6303(a) definition of "subject of a report," and, as such, they were entitled to receive "any portion of the child death review that derives from information contained in the Statewide central register or

---

**4.** Section 6336(a) specifies (1) the names, Social Security numbers, age and sex of the subjects of the reports, (2) the dates and nature and extent of alleged instances of suspected child abuse, (3) the home addresses of the subjects, (4) the county in which the suspected abuse occurred, (5) family composition, (6) the names of other persons named in the report and their relationships to the abused child, (7) factors contributing to the abuse, (8) the source of the report, (9) services that are planned or have been provided, (10) whether the report is founded or indicated, (11) information obtained by DPW in connection with a request of the perpetrator or school employee to release, amend or expunge information retained by DPW or by a county agency, (12) the progress of any legal proceedings brought on the basis of the report, and (13) whether a criminal investigation has taken place and the result of it and of any prosecution.

in a report filed pursuant to Section 6313 of the Law, which mentions [the parents] or Decedent." *Estate of Wagner*, 791 A.2d at 448.

To the extent that the child death review discussed the performance of CYS, the Court concluded in *Estate of Wagner* that it was not within the meaning of "reports made pursuant to this chapter" in Section 6339 subject to the confidentiality requirement; however, any information in the report relating to suspected or alleged abuse of a child other than the decedent was covered and was required to remain confidential. SSCY thus contends that *Estate of Wagner* holds that a "subject of a report" such as Intervenor is entitled only to information contained in the Statewide central register or in a report filed under Section 6313.

■ SSCY maintains that the Bureau erred in relying upon *Kennedy* because the Confrontation Clause of the Sixth Amendment to the United States Constitution and of Article I, Section 9 of the Pennsylvania Constitution apply only to criminal prosecutions. Article I, Section 9 provides in part: "In all criminal prosecutions the accused hath a right ... to be confronted with the witnesses against him...." The courts have held that for Sixth Amendment rights to apply, the proceedings must be criminal. *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976) (holding that certain forfeiture proceedings not "criminal proceedings" that require the full panoply of rights due criminal defendants); *Commonwealth v. Oelschlager*, 40 Pa. D. & C.3d 487, 493 (1985) ("[T]he Sixth Amendment

right does not attach in civil proceedings."). Expunction proceedings before the Bureau are civil: SSCY is the "sole civil agency responsible for receiving and investigating reports of child abuse," 55 Pa.Code § 3490.53(a), and its actions are civil matters. No danger of deprivation of liberty exists because information relating to Intervenor was listed on the Statewide central register.[5]

### III

■ Intervenor asserts that this petition for review may be dismissed because it constitutes an improper collateral attack on an unappealed prior order. He notes that the November 2003 order was not the first order compelling SSCY to disclose its investigatory file to Intervenor. The August 2003 order granted Intervenor's July 2003 motion requesting an order compelling discovery, and it directed that SSCY should make available the appropriately redacted investigatory file to Intervenor's counsel for copying. SSCY did not appeal from that order, although according to Intervenor's September 2003 motion: "Respondent [SSCY] has only provided the Child Protective Services Investigation Report CY–48, the Childline Report of Suspected Child Abuse and Neglect CY–47, and Report of Suspected Child Abuse to Law Enforcement Official." Reproduced Record 169a. The Board's November 2003 order, included in the Certified Record but not the Reproduced Record, for the first time states that access to all the information in the file except protected identities is granted pursuant to *Kennedy*.

---

5. SSCY acknowledges that, as discussed in *Commonwealth v. Williams*, 574 Pa. 487, 832 A.2d 962 (2003), a formally civil penalty may be classified as a criminal penalty under certain circumstances. Although SSCY analyzes the penalty of Intervenor's listing on the

Statewide central register under the *Williams* factors, Intervenor concedes that he has not raised a constitutional challenge in these proceedings. Therefore, this issue is not presented in this case.

The first motion filed by Intervenor, under the heading "Reasons why each type or form of requested action should be granted," provides argument that SSCY's Initial Witness List was filed late according to the Bureau's Standing Practice Order and did not include other required documents, and makes only one general statement that his expert will be prejudiced if discovery is not provided as requested. Certified Record Item 3, Reproduced Record 47a—48a. As noted above, SSCY did provide some discovery although not satisfactory to Intervenor, and Intervenor then filed the second motion to compel discovery, which unlike the first motion contained a detailed listing of materials sought to be discovered and argument as to why discovery should be permitted. Reproduced Record 168a—169a. In view of a lack of clarity in the record due to Intervenor's failure to provide a clear statement of items sought and relevant argument in his initial motion, the Court concludes that SSCY's appeal from the Bureau's ruling on the second motion is not an improper collateral attack on an unappealed order.

Intervenor's central contention is that the Bureau did not abuse its discretion by relying on *Kennedy* to grant Intervenor access to "all the information contained in the Child Protective Services file relative to the investigation" except for protected identities. In *Kennedy* the Superior Court did not conclude that a criminal defendant's due process rights outweighed the confidentiality protections of the Child Protective Services Law then in effect but rather concluded that the statute required disclosure. Specifically, former Section 15(b) of the Act of November 26, 1975, P.L. 438, *as amended, formerly* 11 P.S. § 2215(b), repealed by Section 6 of the Act of December 19, 1990, P.L. 1240, provided: "At any time, a subject of a report may receive, upon written request, a copy of all information except that prohibited from being disclosed by subsection (c), contained in the Statewide central register or in any report filed pursuant to section 6."

Intervenor asserts that a similar provision was not included when the current Child Protective Services Law was enacted by Section 2 of the Act of December 19, 1990, P.L. 1240; however, after the *Kennedy* decision in 1992, Section 6340(b) of the Law was readopted when Section 3 of the Act of December 16, 1994, P.L. 1292, rewrote Section 6340. He cites Section 1922(4) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(4), which states that when a court of last resort has construed language used in a statute, the General Assembly in later statutes on the same subject matter intends the same construction upon the language. He cites, as well, *Estate of Lock*, 431 Pa. 251, 244 A.2d 677 (1968), where the court, interpreting the predecessor to this provision, stated that when a Superior Court decision construing a statute was never modified by the Supreme Court, the presumption is that when the legislature later enacted a similar statute dealing with the same subject matter, it intended the same construction. Further, Intervenor notes that DPW is the agency charged with administering the Law, and its interpretation is entitled to deference and should be reversed only if clearly erroneous. *Dee–Dee Cab, Inc. v. Pennsylvania Public Utility Commission*, 817 A.2d 593 (Pa.Cmwlth.), *appeal denied*, 575 Pa. 698, 836 A.2d 123 (2003).

■ Although Intervenor's arguments are not without force, ultimately the Court must reject them. First, the plain language of Sections 6339, 6340(b), 6336(a) and 6313 of the Law, construed together, shows that there is a difference between "reports made pursuant to this chapter [and] any other information obtained" and

in the possession of DPW or a county agency under Section 6339, and the information that is specified in Section 6340(b) as being available to a subject of a report, including an actual or alleged perpetrator. Section 6340(b) plainly and unambiguously limits such information to that maintained in the Statewide central register or in any report filed pursuant to Section 6313. Section 6336(a) details the information to be maintained in the Statewide central register, *see* n4 above, which is fairly extensive but definitely not inclusive of all materials that might be contained in a child protective services file as the result of an investigation. Similarly, Section 6313(c) specifies the contents of written reports that are required to be submitted by Section 6316(a), and the Section 6313(c) requirements largely parallel those in Section 6336(a), although they cannot at the stage of initial reporting include reference to legal proceedings or criminal investigations brought on the basis of the report, and they do require a statement of the actions taken by the reporting source as well as any other information that DPW may require by regulation. There is no dispute that Intervenor has received all information due to him under Section 6340(b) of the Law.

■ Section 6340(a) of the Law enumerates types of persons who may receive information that is confidential under Section 6339. The "subject of a report" is not included in that enumeration.[6] One noteworthy change to that enumeration, however, is the amendment of Section 6340(a)(5) by Section 11 of the Act of December 15, 1998, P.L. 963. Whereas formerly paragraph (5) authorized release to "[a] court of competent jurisdiction pursuant to a court order," that was changed to "[a] court of competent jurisdiction ... in a criminal matter involving a charge of child abuse under section 6303 (relating to definitions)." Thus the legislature indicated an intent to restrict the release of confidential information under Section 6339 even in the context of court proceedings only to specified types of criminal proceedings. The information sought by Intervenor would not be subject to discovery in a civil court proceeding. Further, the Court's interpretation of Section 6340(b) is consistent with the holding of *Estate of Wagner* that the subject of a report is entitled to information specified in that section.

■ SSCY further argues that the Bureau's order amounted to an impermissible declaration that Section 6340 of the Law is unconstitutional. The Court has now concluded that the Bureau's order was incorrect as a matter of statutory interpretation; accordingly, there is no need to consider SSCY's constitutional claim. The Court agrees that when faced with an issue raising constitutional and non-constitutional grounds, courts must make their decisions on non-constitutional grounds if possible and avoid the constitutional question. *See Kennedy* (citing *In re B.*, 482 Pa. 471, 394 A.2d 419 (1978)). Also, in view of the disposition reached, the Court need not address SSCY's undeveloped ar-

---

**6.** Intervenor points out that DPW's regulation at 55 Pa.Code § 3490.91 includes "(12) A subject of the report upon written request" in the enumeration in subsection (a) of persons to whom confidential information (including "reports, report summaries and other accompanying information obtained under the [Law]") may be released. The fact that the regulation includes a "subject of the report"

when Section 6340(a) of the Law does not reveals a conflict between the statute and the implementing regulation. As was held in *Department of Transportation v. Colonial Nissan, Inc.*, 691 A.2d 1005, 1009 (Pa.Cmwlth.1997): "Where there is a conflict between the statute and a regulation purporting to implement the provisions of that statute, the regulation must give way."

gument that the Bureau's order violated various other statutory and regulatory privileges. The order of the Bureau is reversed, and this case is remanded for further proceedings.

### ORDER

AND NOW, this 30th day of July, 2004, the November 24, 2003 order of the Bureau of Hearings and Appeals of the Department of Public Welfare is reversed, and this matter is remanded for further proceedings.

Jurisdiction is relinquished.