IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K. H.,                          :
                               :
                               :  **CASE SEALED**
               Petitioner      :
                               :
        v.                     :  No. 739 C.D. 2022
                               :  Submitted:  May 5, 2023
Department of Human Services,  :
                               :
               Respondent      :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


OPINION BY JUDGE WOJCIK                     FILED:  April 2, 2024


        K. H. (Petitioner) petitions for review of an interlocutory order of the
Department of Human Services (DHS), Bureau of Hearings and Appeals' (BHA)
Administrative Law Judge (ALJ), denying his Motion to Compel Discovery
(Discovery Motion) in a child abuse expunction appeal.  Petitioner contends that the
ALJ erred in denying the Discovery Motion because he has a statutory and
constitutional right to review investigative files relevant to the child abuse finding.
Because the order is interlocutory, and not appealable as a collateral order, we quash
the appeal.

        In July 2021, the county Children and Youth Services (CYS) notified
Petitioner that he was the subject of a report of suspected child abuse involving his
minor child, E.J. (Child).  Following the investigation, CYS issued an indicated
report (CY-48 Report) naming Petitioner as a perpetrator of child abuse based on

findings of indecent assault, indecent exposure, and inadequate shelter/housing. By letter dated September 2, 2021, DHS notified Petitioner that he was listed in the statewide database as a perpetrator in an indicated report of child abuse.

Petitioner appealed the determination to the BHA. He requested a copy of the underlying reports of the abuse from CYS. On December 30, 2021, CYS provided a redacted CY-48 Report. By letter dated February 11, 2022, CYS notified Petitioner that he was not entitled to receive any additional documents from the file because discovery in child abuse expunction cases was limited to the information in the statewide registry, the redacted CY-48 Report, and information relied upon by experts to conclude that child abuse occurred. CYS informed Petitioner that it planned to present the CYS caseworker, Child, and Child's mother as witnesses at the hearing and that CYS would provide a finalized witness list with the Unified Pre-Hearing Filing.

On February 24, 2022, Petitioner filed the Discovery Motion to compel the delivery of *all* evidence gathered against him. Specifically, Petitioner requested all evidence favorable to him in CYS's possession, all prior statements made by alleged victims and witnesses, all investigative reports, and all other evidence otherwise required to be delivered to comply with the Sixth Amendment to the United States Constitution, U.S. Const. amend. VI. CYS opposed the Discovery Motion asserting confidentiality.

Following argument and briefing, by order dated June 28, 2022, the ALJ denied Petitioner's Discovery Motion. The ALJ determined that Petitioner is not entitled to receive the requested information or review it *in camera*. The ALJ concluded that Petitioner is only entitled to the information in the statewide registry and the redacted CY-48 Report, which were provided to him. As for the other

information requested, the ALJ opined that such information is confidential and protected from disclosure under the Child Protective Services Law (CPSL), 23 Pa. C.S. §§6301-6388.

From this interlocutory order, Petitioner filed a petition for review with this Court seeking to appeal the order as a collateral order pursuant to Pa.R.A.P. 313 (Rule 313). Because discovery orders are generally not appealable as they do not dispose of the litigation, this Court directed the parties to address the appealability of the June 28, 2022 order in their principal briefs along with the merits. As this is a threshold inquiry, which implicates our jurisdiction, we first address the appealability of the order.

Petitioner argues that the ALJ's order denying his Discovery Motion constitutes a collateral order appealable as of right under Rule 313. According to Petitioner, the order meets Rule 313's three-part test for a collateral order: separability, importance, and irreparable loss. First, the order is clearly separate from and collateral to the substantive issue of whether the abuse occurred. Second, Petitioner has a fundamental liberty interest in his reputation that is too important to be denied review. Third, there exists no effective means of reviewing the order after a final judgment. Petitioner claims that if this Court does not review the issue at this juncture, he "will have no opportunity to prepare an alibi defense, no chance to measure or test the accuser's claim, no chance to prepare an adequate cross-examination based on prior statements, and no chance to evaluate whether the witness[es'] testimony is tainted before the factual record is made." Petitioner's Brief at 10.

DHS counters that the order does not meet the criteria for an appealable collateral order. Although DHS concedes that the order meets the first two prongs

3

of the collateral order test, it maintains that Petitioner fails to meet the third prong. According to DHS, Petitioner's claim will not be irreparably lost if review is postponed until final judgment in the case. DHS maintains that the documents requested are confidential under the CPSL. The order denying Petitioner's Discovery Motion preserves CYS's claim of confidentiality. If CYS was required to turn over all allegedly protected material to Petitioner, it would be impossible to "unring the bell" and restore CYS's claim of confidentiality. Respondent's Brief at 9. On the other hand, an order refusing the production of confidential material, if erroneous, may be corrected on appeal; any right will not be irreparably lost. Therefore, DHS argues that the order is not collateral.

"As a general rule, an appellate court's jurisdiction extends only to review of final orders." *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1124 (Pa. 2009) (citing Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order[.]")). "A final order" is any order that "(1) disposes of all claims and of all parties; . . . [or] (3) is entered as a final order pursuant to paragraph (c) of this rule [(relating to orders granting interlocutory review of particular issues)] . . . ." Pa.R.A.P. 341(b).

Generally, discovery orders are not considered final orders, but interlocutory orders that are "not appealable until there is a final judgment in the underlying action." *Smith v. Philadelphia Gas Works*, 740 A.2d 1200, 1203 (Pa. Cmwlth. 1999). However, under the collateral order doctrine, an interlocutory order may be appealable if the order "[(1)] is an order separable from and collateral to the main cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Rule

4

313 tests "separability, importance, and irreparable loss." *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 364 (Pa. 2021). "[W]here an order satisfies Rule 313's three-pronged test, an appellate court may exercise jurisdiction even though the order is not final." *Id.* at 370.

"If the test is not met, however, and in the absence of another exception to the final order rule, there is no jurisdiction to consider an appeal of such an order." *Brooks*, 259 A.3d at 370. "As an exception to the rule of finality, the collateral order rule is interpreted narrowly, and each prong must be satisfied before an order will be considered on appeal." *Sylvan Heights Realty Partners, L.L.C. v. LaGrotta*, 940 A.2d 585, 587 (Pa. Cmwlth. 2008); *accord Rae*, 977 A.2d at 1129. "A narrow construction of the doctrine not only avoids piecemeal determinations and protraction of litigation but also furthers judicial accuracy because an appellate court is more likely to decide an issue correctly in the context of a complete adjudication and a full development of record." *Northumberland County Children & Youth Services v. Department of Public Welfare*, 2 A.3d 794, 797 (Pa. Cmwlth. 2010) (*Northumberland CYS*); *accord Rae*, 977 A.2d at 1129.

"[W]here a discovery order could shed light on the substantive allegations at issue but could be resolved without analysis of the merits of the underlying issue, the severability prong of Rule 313 [i]s satisfied." *Rae*, 977 A.2d at 1126 (citing *Ben v. Schwartz*, 729 A.2d 547 (Pa. 1999)). In the context of a child abuse expungement case, this Court has held that the issue of the perpetrator's entitlement to the information requested is "clearly separate from and collateral to the substantive issue" of whether the perpetrator committed the abuse. *Northumberland CYS*, 2 A.3d at 797-98. As for the second prong of the test, an individual's constitutional right to protect his reputation constitutes a right too

5

important to be denied review. *Id.* at 798. As for whether a discovery order satisfies the third prong of the collateral order test, the disposition appears to turn on whether the order compels or denies the production of evidence. *See Ben*, 729 A.2d at 552.

*Ben* is the "seminal case" for interpreting the collateral order doctrine. *Rae*, 977 A.2d at 1126. In *Ben*, our Supreme Court determined that an order compelling an agency to produce its investigative files pertaining to complaints filed against a dentist was appealable under the collateral order exception to a final order. 729 A.2d at 552. With regard to the third prong, the Supreme Court explained:

> The remaining prong of the collateral order doctrine requires us to consider whether the order permitting discovery of the [agency's] investigative files is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. The [agency] argues that because the subpoenaed documents would be in the possession of the [plaintiffs] and the other participants remaining in the malpractice action if the [agency] is required to produce the investigative file, subsequent appellate review would be moot. *In essence, the disclosure of documents cannot be undone*. We agree. [T]here is no effective means of reviewing after a final judgment an order requiring the production of putatively protected material.

*Id.* (internal quotation and citation omitted) (emphasis added).

Cases relying on *Ben* for an immediate appeal have involved discovery orders compelling disclosure of confidential information. *See, e.g.*, *In re Estate of McAleer*, 248 A.3d 416, 424 (Pa. 2021) (order compelling discovery of communications protected by the attorney-client privilege was immediately appealable); *Commonwealth v. Flor*, 136 A.3d 150, 155 (Pa. 2016) ("discovery orders rejecting claims of privilege and requiring disclosure constitute collateral orders that are immediately appealable under Rule 313"); *Commonwealth v.*

6

*Williams*, 86 A.3d 771, 782 (Pa. 2014) (discovery order compelling Commonwealth to produce materials that it contended were protected under work-product doctrine was reviewable as a collateral order); *In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 215 (Pa. 2014) (reviewing orders that purportedly violated attorney-client privilege and other statutory privileges); *Commonwealth v. Harris*, 32 A.3d 243, 251 (Pa. 2011) ("We reaffirm our holding in *Ben* . . . that orders overruling claims of privilege and requiring disclosure are immediately appealable under [Rule] 313."); *Cooper v. Schoffstall*, 905 A.2d 482, 485 n.3 (Pa. 2006) (holding discovery orders implicating important privacy rights are immediately appealable); *Commonwealth v. Kennedy*, 876 A.2d 939, 944 (Pa. 2005) (applying *Ben* in criminal context on appeal from order granting disclosure of arguably privileged materials); *In re S.H.*, 272 A.3d 1000, 1005 (Pa. Cmwlth. 2022) (order requiring the disclosure of privileged information was immediately appealable under Rule 313); *Township of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 472 (Pa. Cmwlth. 2018) (order directing disclosure of allegedly privileged documents was immediately appealable under Rule 313); *Dauphin County Social Services for Children & Youth v. Department of Public Welfare*, 855 A.2d 159, 161 n.1 (Pa. Cmwlth. 2004) (discovery order compelling disclosure of agency records was a collateral order); *Joe v. Prison Health Services, Inc.*, 782 A.2d 24, 31 (Pa. Cmwlth. 2001) (order granting the production of documents despite arguments that they were protected under the attorney-client privilege was a collateral order).

In *Northumberland CYS*, this Court applied *Ben* in determining whether an order granting a motion to compel qualified as a collateral order in the context of a child expunction hearing. Therein, an alleged perpetrator of child abuse filed a motion to compel the agency to produce the expert report of the victim child's

7

treating physician, medical records, and films upon which he relied in forming his opinion, and any and all information contained in the agency's investigatory file. *Northumberland CYS*, 2 A.3d at 796. The BHA granted the motion in part and directed the agency to provide all medical records and films of the victim child that the agency's expert would use in the child abuse expungement hearing. *Id*. The agency sought review of the order as a collateral order asserting the confidentiality of the information in its possession under the CPSL. *Id*. at 798. After determining that the issue of the perpetrator's entitlement to the information requested was separate from and collateral to the substantive issue and that the perpetrator's right to reputation was too important to be denied review, we examined the third prong of the collateral order test. *Id*. at 797-98. We concluded that "there exists 'no effective means of reviewing *after final judgment an order requiring the production of putatively protected material*.'" *Id*. (quoting *Ben*, 729 A.2d at 552) (emphasis added). We explained that if we deferred review of the BHA's discovery order until its final decision on the child abuse appeal, "the parties' challenge to the order would be irreparably lost and remain unresolved." *Id*.

As the Superior Court has observed, and the foregoing cases illustrate, *Ben* "has historically been restricted to review of discovery orders granting disclosure of arguably privileged information, and not to orders denying disclosure of arguably privileged information." *Commonwealth v. Parker*, 173 A.3d 294, 299 (Pa. Super. 2017). The order at issue here did not compel discovery but rather denied the request for disclosure of confidential information. Although this Court has not addressed this nuance, the Superior Court has, concluding that orders denying the discovery of arguably confidential or privileged records do not meet the third prong of the collateral order test. *See Parker*, 173 A.3d at 297-98; *see also Commonwealth*

8

*v. Sabula*, 46 A.3d 1287, 1293 (Pa. Super. 2012) (concluding order denying defendant's motion to compel enforcement of pre-arrest agreement between Commonwealth and defendant was not appealable as collateral order under *Ben*).[1]

For example, in *Parker*, the Superior Court concluded that an order denying a criminal defendant's pretrial motion in limine for the production of a sex offense victim's confidential medical, psychological, and therapy records was not a collateral order and quashed the appeal. The defendant admitted that he wanted the confidential documents to use as exculpatory evidence, to prepare his defense, and to impeach the victim. As for the third prong, the Superior Court explained that if the defendant "is ultimately convicted, the [trial court's] decision to preclude [d]efense evidence can be reviewed through [the defendant's] right to direct appeal[;] thus, the claim will not [be] lost." *Parker*, 173 A.3d at 297. The Court held that review of the issue would not be irrevocably lost if review was postponed. *Id.*

Upon review, we similarly conclude that the discovery order at issue here does not qualify as a collateral order. Although the order clearly meets the first two prongs of the collateral order test, *see Northumberland CYS*, 2 A.3d at 797-98, it does not meet the third. Unlike the order at issue in *Ben* and its progeny, the order here did not compel the production of purportedly protected material but denied it. The distinction is determinative, particularly considering that the collateral order rule must be interpreted narrowly. *See Rae*, 977 A.2d at 1129. The law is well settled that "[d]iscovery orders involving privileged [or confidential] material are generally appealable because if immediate appellate review is not granted, the

---

[1] In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

disclosure of documents *cannot be undone* and subsequent appellate review would be rendered moot." *MarkWest Liberty Midstream & Resource, LLC v. Clean Air Council*, 71 A.3d 337, 342 (Pa. Cmwlth. 2013) (emphasis added). In other words, the privilege or confidentiality asserted will become irreparably lost if review is postponed because, by then, the information will have been revealed to the opposing party in the lawsuit.

However, such is not the case when a discovery order *denies* access to information. Contrary to Petitioner's assertions, the propriety of the discovery denial will not be irrevocably lost if review is postponed but subject to review on appeal. As for Petitioner's claims of prejudice by having to cross-examine witnesses without the benefit of their prior statements (including the victim's) and by having to build a defense without being able to test, evaluate, or investigate the information gathered, such claims can be remedied by a new hearing should he ultimately prevail on this discovery issue. *See Sabula*, 46 A.3d at 1293 ("Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.") (internal quotation and citation omitted). For these reasons, we conclude that the order presently before us is not immediately appealable.

Accordingly, we quash the appeal.

_____
MICHAEL H. WOJCIK, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K. H.,                                         :
                                              : **CASE SEALED**
                    Petitioner                :
                                              :
          v.                                  : No. 739 C.D. 2022
                                              :
Department of Human Services,                 :
                                              :
                    Respondent                :


# **O R D E R**


AND NOW, this 2nd day of April, 2024, the above-captioned appeal is QUASHED.


_____
MICHAEL H. WOJCIK, Judge