J-A03029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON DUMAY | : | |
| | : | |
| Appellant | : | No. 819 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 8, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003114-2019

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:  **FILED:  DECEMBER 20, 2021**

Shannon Dumay appeals from the judgment of sentence imposed following the entry of his guilty plea to possession of a firearm prohibited.[1] Additionally, Dumay's appellate counsel has filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** brief").  We grant counsel's petition and affirm the judgment of sentence.

The relevant factual and procedural history can be summarized as follows.  On February 18, 2020, Dumay pled guilty to one count of possession of a firearm prohibited.  At the time of his plea hearing, Dumay was represented by Mark Singer, Esquire, of the Luzerne County Office of the Public Defender.  Dumay was sentenced on April 8, 2020, to five to ten years

---

[1] ***See*** 18 Pa.C.S.A. § 6105(a)(1).

in prison.  Dumay did not file a post-sentence motion.  However, on May 8, 2020, Dumay filed a timely *pro se* notice of appeal, a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and a *pro se* motion for change of counsel.  The trial court granted the motion for change of counsel, and on June 18, 2020, Matthew Kelly, Esquire, was appointed to represent Dumay.

On June 19, 2020, the trial court ordered Dumay to file a counseled Pa.R.A.P. 1925(b) concise statement.  The order was served on both the District Attorney's Office and Attorney Kelly.  However, Attorney Kelly did not file a concise statement on Dumay's behalf.  The trial court then authored a Pa.R.A.P. 1925(a) opinion in which it determined that, because Dumay was still represented by Attorney Singer when he filed his *pro se* concise statement, that statement was a legal nullity, as hybrid representation is not permitted.  The trial court further determined that, because no counseled concise statement was filed, none of Dumay's issues were preserved for appellate review.

On appeal, this Court remanded for the filing of a counseled Pa.R.A.P. 1925(b) concise statement *nunc pro tunc* by Attorney Kelly, as well the preparation and filing of a supplemental Pa.R.A.P. 1925(a) opinion by the trial court addressing the merits of the counseled concise statement.  Both Attorney Kelly and the trial court complied with this Court's directives.  In the counseled concise statement, Attorney Kelly raised the following issue:

"Whether the trial court erred in failing to comply with Pa[.]R.C[rim].P. 590 when the Court did not conduct a full and complete plea colloquy so to ensure that said plea was made knowingly, voluntarily and intelligently." Concise Statement at unnumbered 1 (unnecessary capitalization omitted). In response, the trial court authored a revised Pa.R.A.P. 1925(a) opinion addressing the issue raised by Attorney Kelly. Thus, the matter is now back before this panel.

In the **Anders** brief, Attorney Kelly restates the issue he raised in the concise statement as two separate issues:

I.   Whether [Dumay's] plea was knowingly, voluntarily or intelligently entered.

II.  Whether the trial court erred in conducting an inadequate plea colloquy.

**Anders** Brief at 1 (issues renumbered).[2]

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is

---

[2] In the **Anders** brief, Attorney Kelly explained that the other issues that Dumay raised in his *pro se* concise statement consisted of various claims of ineffective assistance of trial counsel. Attorney Kelly correctly noted that ineffectiveness claims are generally not appropriate matters for consideration on direct appeal, but rather are deferred to collateral review under the Post Conviction Relief Act ("PCRA"). **See Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). Thus, we decline to address those claims in this appeal.

frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).  Counsel seeking to withdraw must attach to their petitions a copy of the letter advising their clients of the rights identified above.  ***See Commonwealth v. Millisock***, 873 A.2d 748,752 (Pa. Super. 2005).

In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.  Once counsel has satisfied these requirements, it is then this Court's responsibility "to conduct a simple review of the record

to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Attorney Kelly filed a petition to withdraw and an ***Anders*** brief, and sent a letter to Dumay attaching the petition and brief. However, in doing so, Attorney Kelly failed to comply with several of the requirements of ***Anders***. First, in his petition to withdraw, Attorney Kelly merely indicates that he reviewed the record but does not indicate that he conscientiously examined it before determining that an appeal would be frivolous. This Court must be satisfied that counsel has "fully performed his duty as [appellant's] advocate to independently search the record as a trained advocate with an eye to uncovering appealable error[.]" ***Santiago***, 978 A.2d at 360. Nevertheless, given that the record in this particular matter is short, due to Dumay's entry of a guilty plea to a single charge, and Attorney Kelly has referenced both the plea hearing and the sentencing hearing in the ***Anders*** brief, we are satisfied that Attorney Kelly's review of the record was thorough and conscientious.

More troubling, however, is the statement in Attorney Kelly's petition to withdraw that he advised Dumay that he could proceed *pro se* or retain private counsel "should this Honorable Court grant the within [p]etition [to withdraw]." Petition to Withdraw, 11/9/20, at 1. This was an inaccurate statement of the law, as Dumay had the right to ***immediately*** proceed *pro se* or retain private counsel upon the filing of the petition to withdraw. ***See***

*Commonwealth v. Muzzy*, 141 A.3d 509 (Pa. Super. 2016) (holding that "[i]f counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately retained counsel.").

While Attorney Kelly omitted this contingency in his letter to Dumay, which merely indicated that Dumay had the right to proceed *pro se* or retain private counsel, Attorney Kelly nevertheless attached to that letter his petition to withdraw, which contained the incorrect language that Dumay did not have the right to proceed *pro se* or to retain private counsel unless or until this Court granted the petition to withdraw. Notably, Dumay has not elected to proceed *pro se* or retain private counsel, which may be the result of either informed deliberation based on the information provided in the letter or confusion due to the misinformation provided in the petition to withdraw.

Attorney Kelly's *Anders* brief is also deficient. In an *Anders* brief, counsel must include either a reference to anything in the record arguably supporting the appeal, or an affirmative statement "there were no such references for him to make." *Santiago*, 978 A.2d at 360 (holding that "[w]ithout one or the other, we are not assured, as *Anders* requires, that counsel fully performed his duty as Santiago's advocate[.]"). Here, Attorney Kelly provides neither a reference to anything in the record arguably

supporting the appeal nor a statement that there were no such references for him to make. Additionally, a proper **_Anders_** brief "articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous." **_Commonwealth v. Wrecks_**, 931 A.2d 717, 720 (Pa. Super. 2007). In the argument section of the **_Anders_** brief, Attorney Kelly provides a mere two-sentence discussion of the issue, stating: "The only remaining issue is the allegation that the trial court failed to comply with [Pa.R.Crim.P.] 590 in conducting the plea colloquy. However, upon review of said colloquy, it is counsel's opinion that said claim is baseless. (N.T. 02-18-2020 p. 2-5.)" **_Anders_** Brief at 6. Attorney Kelly does not identify the requirements of Rule 590, discuss the particulars of the trial court's colloquy, cite to any controlling case law, or explain in any fashion how he reached his conclusion that the trial court's colloquy complied with Rule 590 such that Dumay's plea was made knowingly, voluntarily and intelligently. **_See Santiago_**, 978 A.2d at 361 (holding that, in the **_Anders_** brief, "[c]ounsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.").

Nevertheless, when direct appeal counsel has filed an **_Anders_** brief and is requesting permission to withdraw from representation, this Court may overlook certain procedural deficiencies in appellate court filings to ensure that **_Anders_** counsel has not overlooked non-frivolous issues. **_See_**

- 7 -

*Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020). Thus, despite the deficiencies in Attorney Kelly's filings in this Court, we may look beyond such deficiencies to ensure that counsel has not overlooked any non-frivolous issues.

We note that the mere filing of an *Anders* brief and/or petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal. *See id.*; *see also* Pa.R.A.P. 302(a) (providing the general rule that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Consequently, while this Court could remand the matter once again for Attorney Kelly to address the above-described deficiencies, we decline to do so under the particular circumstances of this case. Such action would serve no purpose other than to delay resolution of this appeal and waste judicial resources. We reach this conclusion because, regardless of any expanded argument that Attorney Kelly might make regarding the adequacy of the trial court's colloquy, and regardless of whether Dumay elected to proceed *pro se* or retain private counsel to advance legal arguments in this Court regarding the inadequacy of the colloquy, no issue regarding the colloquy or the guilty plea was preserved for our review.

Importantly, the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa.

2014) (holding that, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed).[3]

Here, Dumay challenges the validity of his guilty plea. In regards to such a challenge, this Court has explained:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (internal quotation marks and some citations omitted). Thus, in order to preserve an issue related to the validity of a guilty plea, a defendant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing,

---

[3] Although Dumay did not raise any challenge to the jurisdiction of the court or the legality of the sentence imposed, these claims present legal challenges which are not waived for failure to assert them in the trial court, as this Court may *sua sponte* consider lack of jurisdiction or an illegal sentence. *See Commonwealth v. Parker*, 173 A.3d 294, 296 (Pa. Super. 2017) (holding that this Court may consider the issue of jurisdiction *sua sponte*); *Commonwealth v. Randal*, 837 A.2d 1211, 1215 (Pa. Super. 2003) (holding that challenges to the legality of a sentence can be raised *sua sponte* by this Court where our jurisdiction is firm). However, upon our review, we conclude that the trial court had proper jurisdiction over the charges against Dumay, and Dumay received a legal sentence.

sentencing hearing, or in post-sentence motions. *See id.*; *see also* Pa.R.A.P. 302(a).

Instantly, our review of the record reveals that Dumay did not object to his plea during the guilty plea hearing, did not seek to withdraw his plea at sentencing, and did not challenge the colloquy or the plea in a motion to reconsider or modify sentence. Accordingly, he failed to preserve any challenge to his plea for our review. Moreover, as Dumay's claims are waived, they are wholly frivolous as a matter of law. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (holding that "[a]n issue that is waived is frivolous.").

Based on the foregoing, we conclude that Dumay's claims on appeal are frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record in order to determine if there are any non-frivolous issues that Attorney Kelly may have overlooked. Having found no non-frivolous issues, we are constrained to agree with Attorney Kelly's assessment that the appeal is wholly frivolous, albeit for a different reason. Therefore, we grant Attorney Kelly's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/20/2021</u>