J-S58037-17

2017 PA Super 338

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL H. PARKER | : | |
| | : | |
| Appellant | : | No. 421 MDA 2017 |

Appeal from the Order Entered February 9, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001476-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

OPINION BY GANTMAN, P.J.: **FILED OCTOBER 24, 2017**

Appellant, Carl H. Parker, purports to appeal from the order entered in the Lycoming County Court of Common Pleas, which denied his pretrial motion *in limine* for the production of the complainant's medical, psychological, psychiatric, and therapy records. For the following reasons, we quash the appeal.

The relevant facts and procedural history of this case are as follows. The Commonwealth arrested and charged Appellant with numerous sex offenses as a result of allegations that he committed these various offenses against C.P., a minor, between January 1, 2013 and December 31, 2013. At the time of the offenses, C.P. was fifteen and sixteen years old; and Appellant was married to C.P.'s mother. Around the same time, C.P. was also receiving psychological support therapy. C.P. reported the alleged

sexual abuse on January 15, 2015.

On November 10, 2016, Appellant filed a motion *in limine*, including a motion for production of C.P.'s medical, psychological, psychiatric and therapy records. The trial court held a hearing on November 18, 2016, on Appellant's various motions *in limine*, including the motion for production. The trial court denied Appellant's motions on February 8, 2017. Appellant filed a notice of appeal on March 8, 2017. No concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was ordered or filed.

Appellant raises two issues for our review:

> WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENSE REQUEST FOR PRODUCTION OF MEDICAL, PSYCHOLOGICAL, PSYCHIATRIC, AND THERAPY RECORDS OF [VICTIM][?]

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE MEDICAL, PSYCHOLOGICAL, PSYCHIATRIC, AND THERAPY RECORDS SOUGHT BY [APPELLANT] WERE NOT RELEVANT TO ANY OF THE ELEMENTS OF THE CRIMES CHARGED[?]

(Appellant's Brief at 4).

As a prefatory matter, we must determine whether this appeal is properly before us. In Appellant's response to this Court's rule to show cause why the appeal should not be quashed, Appellant argues his defense motion *in limine* for the production of C.P.'s medical, psychological, psychiatric, and therapy records qualifies as a collateral matter; and the order denying that request is immediately reviewable as a collateral order. Specifically, Appellant argues the denial of his motion for production is

separate from and collateral to the issue of whether Appellant is guilty of the charged sex offenses. Appellant claims he has a right to favorable evidence and to confront his accuser, which outweighs C.P.'s interest in the non-disclosure of her confidential records. Appellant asserts that without access to the potentially exculpatory evidence contained in C.P.'s records, his defense will be irreparably lost because it rests on C.P.'s credibility, her delay in reporting, and her reason for the delay. Appellant submits an *in camera* review of C.P.'s records would remove concerns for C.P.'s privilege and privacy, and allow Appellant to prepare a proper defense. Appellant concludes the court's order denying Appellant's access to this confidential information is immediately appealable under the collateral order doctrine. We disagree.

Appellate review of any "court order is a jurisdictional question defined by rule or statute." **Commonwealth v. Rosario**, 615 A.2d 740, 742 (Pa.Super. 1992), *affirmed*, 538 Pa. 400, 648 A.2d 1172 (1994). This principle applies to appellate review of a pretrial order. **Commonwealth v. Jones**, 826 A.2d 900, 903 (Pa.Super. 2003) (*en banc*). A court may consider the issue of jurisdiction *sua sponte*. **Commonwealth v. Grove**, ___ A.3d ___, 2017 PA Super 286 (2017) (citing **Commonwealth v. Ivy**, 146 A.3d 241, 255 (Pa.Super. 2016)). In evaluating our jurisdiction to allow Appellant's appeal, we look to other criminal cases involving appeals of pretrial orders. **Id.**

> The general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed. In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order.

> \* \* \*

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

> \* \* \*

>> In light of the long-standing rule of American jurisprudence that, except in extraordinary circumstances, an appeal may be taken only from a final order of the court, and in recognition of our responsibility to preserve the sanctity of the appellate process, …a criminal defendant may not appeal from an order of a suppression court even in the posture of a cross-appeal.

*Id.* at 255-56 (internal citations omitted).

Rule 313 of the appellate rules defines a collateral order as:

**Rule 313.  Collateral Orders**

**(a)  General rule.**  An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b)  Definition.**  A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. Rule 313 is jurisdictional in nature. ***Commonwealth v. Blystone***, 632 Pa. 260 269, 119 A.3d 306, 312 (2015). "Thus, if a non-final order satisfies each of the requirements articulated in Pa.R.A.P. 313(b), it is immediately appealable. However, we 'construe the collateral order doctrine narrowly' so as to 'avoid piecemeal determinations' and protracted litigation." ***Id.*** at 270, 119 A.3d at 312. "[T]he requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule." ***Melvin v. Doe***, 575 Pa. 264, 272, 836 A.2d 42, 47 (2003). "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." ***Id.*** Concerning whether the issue on appeal directly affects a right that is too important to be denied review, the question "must involve rights deeply rooted in public policy going beyond the particular litigation at hand.'" ***Id.***

In the instant case, Appellant fails to satisfy the first and second categories of appeals where the order on appeal is not a final order under Rule 341 or an interlocutory appeal as of right under Rule 311. ***See Ivy, supra***. Regarding the category of interlocutory appeals by permission under Rule 312, the trial court did not certify the order for immediate appeal and Appellant did not file a petition for permission to appeal under Rule 1311. Finally, the order fails to meet the requirements of a collateral order under Rule 313. In this regard, the trial court reasoned:

A ruling on a motion *in limine* is not a final order for purposes of appeal. The [c]ourt believes that the general rule in criminal cases: that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed is applicable to the case at bar, and as such this issue is not reviewable by the Superior Court.

The Superior Court is considering the appeal under Pa.R.A.P. 313 (collateral orders): however, the [c]ourt believes that the three prongs of Pa.R.A.P. 313 that render an interlocutory order…appealable have not been met.

\* \* \*

An interlocutory order is [immediately] appealable if (1) it is separable from and collateral to the main cause of action: (2) the right involved is too important to be denied review: and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Appellant's claim fails the third prong. The claim, *i.e.*, that he should be able to submit evidence that the [c]ourt is not admitting, does not evade review after final judgment. Appellant can appeal the denial after trial and will be granted a new trial if appropriate.

If Appellant is ultimately convicted, the [c]ourt's decision to preclude [d]efense evidence can be reviewed through Appellant's right to direct appeal, thus, the claim will not [be] lost. [**Ivy, supra**]. An order is not immediately appealable if it cannot be said "that 'denial of immediate review would render impossible any review whatsoever of [the] individual's claim.'" **Commonwealth v. Reading Grp. Two Props., Inc.** 922 A.2d 1029, 1032 (Pa.Cmwlth. 2007) (citing **Commonwealth v. Wells**, 719 A.2d 729 (Pa. 1998)). [**Compare**] **Commonwealth v. Minich**[, 4 A.3d 1063, 1068 (Pa.Super. 2010)] (review of [trial] court's order **denying** the **Commonwealth's** Pa.R.E.404(b) **motion to preclude introduction of defense evidence** would be irreparably lost in the event of an acquittal because "constitutional prohibition against double jeopardy protects against second prosecution for the same offense after an acquittal"). **Ivy**[**, supra**] at

- 6 -

256.   In ***Minich***, the trial court['s order denied the Commonwealth's motion to preclude and allowed the proposed] defense evidence.  Here, the [c]ourt has denied a [d]efense motion to introduce evidence, rather than allow [it].  Should Appellant be found guilty at trial, and it is determined that the [c]ourt abused its discretion in disallowing the admission of evidence Defense seeks to admit, he will have another trial and can introduce that evidence.  Thus, [Appellant's] claim is reviewable after a final judgment of sentence, if it should ever occur.  …

(Trial Court Opinion, dated May 4, 2017, at 1-3) (emphasis in original).  We agree with the trial court.  Additionally, we note Appellant's claim does not involve defense rights deeply rooted in public policy and going beyond the particular litigation at hand.  ***See Ivy, supra***.  Therefore, Appellant's claim fails the second and third prongs of the collateral order test.  ***See id.***

Further, we observe Appellant's claim is not separable and collateral to the main cause of action, under the first prong of the collateral order test, because Appellant admittedly wants the confidential documents to use as exculpatory evidence, to prepare his defense and to impeach C.P. at trial. Appellant alternatively refers to the confidential information as ***Brady***[1] material and as a potential ground to impeach C.P. for her delay or failure to report the alleged abuse.  Thus, Appellant's claim goes directly to the merits of his defense in this case.

Finally, we note independently that the principles enunciated in ***Ben v. Schwartz***, 556 Pa. 475, 729 A.2d 547 (1999), allowing interlocutory

---

[1] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

appeals as collateral orders in special circumstances, do not apply here. The *Ben* Court held that an order **compelling** the production of arguably privileged information could be deemed immediately appealable under the collateral order exception to the final order rule. *Ben, supra* applies in both criminal and civil cases. *See, e.g., Commonwealth v. Kennedy*, 583 Pa. 208, 876 A.3d 939 (2005) (applying *Ben* in criminal context on appeal from order granting disclosure of arguably privileged materials). Furthermore, most cases relying on *Ben* for an immediate appeal involve trial court orders permitting disclosure of confidential or privileged materials. *See, e.g., Commonwealth v. Williams* 624 Pa. 405, 86 A.3d 771 (2014) (holding discovery order overruling claims of privilege and requiring disclosure of Commonwealth's notes concerning trial prosecutor's interviews, witness preparation sessions, and witness examination outlines was immediately appealable under *Ben*); *Commonwealth v. Harris*, 612 Pa. 576, 32 A.3d 243 (2011) (concluding court's order granting Commonwealth's motion to declare waived defendant's privilege concerning confidential communications with psychologist and permitting Commonwealth to hire defendant's psychologist as expert witness was immediately appealable under *Ben*). *Compare Commonwealth v. Sabula*, 46 A.3d 1287 (2012) (concluding order **denying** defendant's motion to compel enforcement of pre-arrest agreement between Commonwealth and defendant was **not** appealable as collateral order under *Ben*).

Here, the requested documents are indisputably privileged under 42 Pa.C.S.A. § 5944 (declaring as privileged confidential communications to psychiatrists or licensed psychologists) and this appeal relates to the **denial of** a request for **disclosure** of privileged information. Yet, ***Ben, supra*** has historically been restricted to review of discovery orders **granting** disclosure of arguably privileged information, and not to orders denying disclosure of arguably privileged information. ***See Williams, supra***; ***Harris, supra***; ***Sebula, supra***. The order at issue in the present appeal denied Appellant's request for disclosure of incontestably privileged material. Lastly, Appellant had the responsibility to justify the application of ***Ben, supra*** to his case; but he failed to do so.

Based upon the foregoing, we hold the order presently before us is not immediately appealable. Accordingly, we quash the appeal.

Appeal quashed; case remanded for further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017

- 9 -