J-A04011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FRANCIS GERALD SCHULZE | |
| Appellee | No. 439 MDA 2017 |

Appeal from the Order Entered February 17, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000799-2016

BEFORE: STABILE, NICHOLS, and RANSOM,* JJ.

MEMORANDUM BY STABILE, J.: **FILED JUNE 20, 2018**

The Commonwealth appeals from the February 17, 2017 order of the Court of Common Pleas of Lackawanna County ("trial court"), denying in part the Commonwealth's pretrial motions *in limine*. Upon review, we quash.

Following the shooting death of Joseph Molinaro (the "Victim") by Appellee Francis Gerald Schulze, acting in his capacity as an off-duty police officer, the Commonwealth charged Appellee with first-degree murder, third-degree murder, two counts of aggravated assault, simple assault, and recklessly endangering another person.[1] On December 5, 2016, anticipating

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), and (c), 2702(a)(1), and (4), 2701(a)(1), and 2705, respectively.

Appellee's assertion of a peace officer justification defense under 18 Pa.C.S.A. § 508(a),[2] the Commonwealth filed motions *in limine*, seeking to, *inter alia*, preclude Appellee from introducing into evidence (1) criminal convictions, wrongs or acts of the Victim under Pa.R.E. 404(b), and (2) the Victim's blood alcohol content ("BAC") at the time of his death. Appellee also filed motions *in limine*.[3] Following a hearing, on February 17, 2017, the trial court granted in part and denied in part the Commonwealth's motions *in limine*.[4] The

_____

[2] Section 508(a) of the Crimes Code provides in pertinent part:

> (1) A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that:
>
> > (i) such force is necessary to prevent the arrest from being defeated by resistance or escape; and
> >
> > (ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon, or otherwise indicates that he will endanger human life or inflict serious bodily injury unless arrested without delay.

18 Pa.C.S.A. § 508(a).

[3] Appellee's motions *in limine* overlapped in substance with the Commonwealth's *in limine* motions insofar Appellee sought the admission of the Victim's prior bad acts and BAC.

[4] Although not at issue on this appeal, the trial court also granted in part and denied in Appellee's motions *in limine*.

Commonwealth timely filed in this Court an interlocutory appeal as of right under Pa.R.A.P. 311(d). On March 10, 2017, the trial court directed the Commonwealth to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The Commonwealth complied, challenging the trial court's denial of its motions *in limine* concerning the Victim's prior bad acts and BAC. The trial court did not issue a Pa.R.A.P. 1925(a) opinion.

On March 28, 2017, a motions panel of this Court issued an order directing the Commonwealth to show cause why the instant appeal should not be quashed, consistent with **Commonwealth v. Cosnek**, 836 A.2d 871 (Pa. 2003), as taken from an unappealable order. The Commonwealth answered on April 7, 2017, asserting that the instant pretrial order was distinguishable from the order in **Cosnek** and, as a result, appealable. Alternatively, the Commonwealth claimed that it would assert jurisdiction under Pa.R.A.P. 313, relating to collateral orders. On April 10, 2017, the motions panel discharged the March 28, 2017 order to show cause and referred the jurisdictional issue to this panel.

On appeal, the Commonwealth raises two issues for our review.

[I.] Whether, in a homicide prosecution where the defense of "Use of Force in Law Enforcement" has been raised and the defense of "Use of Force in Self-Protection" has been precluded pre-trial, the defendant can introduce evidence of the victim's prior criminal convictions of which he had no knowledge?

[II.] Whether, in a homicide prosecution where the defense of "Use of Force in Law Enforcement" has been raised and the defense of "Use of Force in Self-Protection" has been precluded pretrial, the defendant can introduce evidence of the victim's blood alcohol content of which he had no knowledge?

- 3 -

The Commonwealth's Brief at 5.

Before we may address the merits, we must determine whether we have jurisdiction to entertain this appeal. *B.L. v. T.B.*, 152 A.3d 1014, 1016 (Pa. Super. 2016) (court may raise question of subject matter jurisdiction *sua sponte*). As noted, this appeal lies from the February 17, 2017 pretrial order denying the Commonwealth's motions *in limine* to preclude Appellee from introducing into evidence (1) criminal convictions, wrongs or acts of the Victim under Pa.R.E. 404(b), and (2) the Victim's BAC at the time of his death.

As we recently explained in *Commonwealth v. Parker*, 173 A.3d 294 (Pa. Super. 2017):

> Appellate review of any court order is a jurisdictional question defined by rule or statute. This principle applies to appellate review of a pretrial order. A court may consider the issue of jurisdiction *sua sponte*. In evaluating our jurisdiction to allow [a party's] appeal, we look to other criminal cases involving appeals of pretrial orders. . . . In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order.

*Id.* at 296 (quotation marks and citations omitted). A final order is defined as any order that: "(1) disposes of all claims and of all parties; [ ] (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b). Instantly, the parties agree that the appeal does not lie from a final order. Moreover, the Commonwealth argues only the second and fourth categories of appeal where the order on appeal implicates an interlocutory

appeal as of right under Rule 311 or the collateral order doctrine under Pa.R.A.P. 313.[5]

We first address whether Rule 311 confers jurisdiction upon us. As an exception to the general rule of finality, the Commonwealth may invoke this Court's jurisdiction under Rule 311, relating to interlocutory appeals as of right, which provides in part:

> (d) **Commonwealth appeals in criminal cases.**--In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d). Even though the Commonwealth has included the requisite certification in its notice of appeal, our Supreme Court has limited the application of Rule 311(d) to circumstances in which "a pretrial ruling results in the suppression, preclusion or exclusion of **Commonwealth** evidence." **Commonwealth v. Shearer**, 882 A.2d 462, 467 (Pa. 2005) (citation omitted) (citing **Cosnek**, **supra**) (emphasis added). As a result, Rule 311(d) does not confer jurisdiction upon this Court to consider an interlocutory appeal from an order filed by the Commonwealth to preclude the introduction of **defense** evidence. **Id.** (citations omitted).

_____

[5] Regarding the category of interlocutory appeals by permission under Pa.R.A.P. 312, the trial court did not certify the instant order for immediate appeal and the Commonwealth did not file a petition for permission to appeal under Pa.R.A.P. 1311.

In **Cosnek**, the Commonwealth attempted to appeal immediately, under Rule 311(d), a pretrial ruling that denied its motion *in limine* to exclude certain defense evidence. On appeal, our Supreme Court explained:

> The Commonwealth's ability to take an interlocutory appeal as of right from the suppression or exclusion of its own evidence is rooted in the particular burden which it bears to prove its case. The defense, in contrast, carries a particular privilege to retain control over its own evidence. Both interests are protected when we limit the application of Rule 311(d) to those "circumstances provided by law" in which a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence.

**Cosnek**, 836 A.2d at 877. The Supreme Court further explained that Rule 311(d) permits the Commonwealth to appeal as of right only pretrial rulings that suppress, preclude or exclude the evidence it intends to offer at trial. **Id.** The Supreme Court held that the Commonwealth's right to interlocutory appeals "does not extend to appealing the admission of defense evidence." **Id.** at 876. The Court explained:

> Were this Court to allow the Commonwealth to appeal rulings admitting defense evidence as of right, the accused would be forced to balance his right to a trial without delay with his fundamental right to present evidence. The chilling effect of such a choice would give the Commonwealth an unwarranted and unfettered influence over the defense case, a practice specifically disapproved in **Lewis v. Court of Common Pleas of Lebanon County**, 260 A.2d 184, 188 (Pa. 1969) (holding that a prosecutor could not discourage a witness from talking with the defense attorney).

**Id.** In **Commonwealth v. White**, 910 A.2d 648 (Pa. 2006) (plurality), an equally divided Supreme Court revisited the **Cosnek** holding, albeit under different factual circumstances. The Court considered "whether an

interlocutory appeal as of right, pursuant to [Rule] 311(d), lies from a trial court's denial of motion for recusal[.]" **White**, 910 A.2d at 651. Although the order at issue in **White** did not implicate a pretrial ruling resulting in the suppression, preclusion or exclusion of Commonwealth evidence, the Supreme Court, in a divided plurality opinion, concluded that the Commonwealth did have a right to an interlocutory appeal. The Court reasoned that "if the judge is unable to preside and serve as fact-finder impartially, and an unfair verdict is rendered, the Commonwealth, unlike a criminal defendant in a similar circumstance, has no appellate recourse." **Id.** at 655. Thus, the plurality opinion, authored by Justice Eakin (joined by Justices Castille and Newman), would have overruled **Cosnek** to the extent it limited the scope of Rule 311(d) to pretrial evidentiary rulings. **White**, 910 A.2d at 655. The plurality opinion, however, did not in any way reject or disapprove of **Cosnek**'s validity in identical factual circumstances (pretrial evidentiary rulings) such as those present in the instant case. Accordingly, notwithstanding **White**, **Cosnek** remains controlling authority.

Here, the instant case is factually and procedurally indistinguishable from **Cosnek**, a binding precedent. The Commonwealth challenges the trial court's pretrial denial of its motions *in limine*, which sought to **preclude** Appellee from introducing the Victim's prior bad acts and BAC at trial as part of Appellee's defense. Thus, consistent with **Cosnek** and **Shearer**, we lack jurisdiction under Rule 311(d), because the Commonwealth challenges the

- 7 -

trial court's denial of its motions *in limine* seeking to preclude Appellee from introducing the Victim's prior bad acts and BAC.

The Commonwealth, in the alternative, argues that the trial court's pretrial order is a collateral order appealable under Pa.R.A.P. 313, which, like Rule 311(d), provides an exception to the general rule that an appeal may be taken only from final orders. Rule 313 provides:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. An order is collateral if (1) it is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question, which is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. ***Shearer***, 882 A.2d at 468. Rule 313 is jurisdictional in nature. ***See Parker***, 173 A.3d at 297. As a result, if a non-final order satisfies each of the requirements articulated in Rule 313, it is immediately appealable. ***Id.*** We construe, however, the collateral order doctrine narrowly to avoid piecemeal determinations and protracted litigation. ***Id.*** (citations and quotation marks omitted). Before an order can be considered collateral, each prong of the collateral order doctrine must be clearly present. ***Id.*** (citations omitted).

Instantly, given the nature of the evidence that Appellee seeks to introduce, *i.e.*, the Victim's criminal convictions or prior bad acts and BAC at the time of his death, it is clear that the Commonwealth is unable to meet the first prong of the collateral order doctrine. The evidence of the Victim's prior bad acts and BAC goes to the merits of the case and is inextricably related to Appellee's Section 508(a)(1) defense that he reasonably believed he needed to act with deadly force to avoid death or serious bodily injury. Accordingly, the pretrial order here is not separable or collateral to the main cause of action.[6] We therefore conclude that the instant pretrial order is not collateral to the main cause of action.

In sum, because the Commonwealth's appeal from the pretrial order is neither an interlocutory appeal as of right nor an appeal subject to the collateral order doctrine, we lack jurisdiction to entertain it. As a result, we quash the instant appeal and decline to address the merits of the Commonwealth's appeal.

Appeal quashed. Jurisdiction relinquished.

---

[6] We need not address the second or third prongs of the collateral order doctrine based upon our disposition of the first prong. ***See Spanier v. Freeh***, 95 A.3d 342, 345 (Pa. Super. 2014) ("Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/20/2018