J-S24025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                          :              PENNSYLVANIA
                        Appellant             :
                                                          :
                                                          :
                                                          :
            v.                                    :
                                                          :
                                                          :
                                                          :
ARLET URRUTIA                            :  No. 743 EDA 2021

Appeal from the Order Entered March 15, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000997-2020

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:            **FILED NOVEMBER 18, 2022**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Delaware County, denying its motion *in limine* seeking permission to present testimonial evidence with respect to defendant Arlet Urrutia's 2011 driving under the influence (DUI)[1] charge in Philadelphia County.  After careful review, we quash the appeal.

Urrutia entered into the Accelerated Rehabilitative Disposition (ARD) Program for his 2011 DUI charge and successfully completed the program. On October 5, 2019, Urrutia was charged with the instant DUI offense.  On February 5, 2020, the Commonwealth filed a motion *in limine* seeking to introduce evidence of the 2011 offense.  The trial court denied the motion in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3806(a).

accordance with **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), which held unconstitutional that portion of the DUI statute equating prior acceptance of ARD with a prior conviction for purposes of imposing a mandatory minimum sentence for a second or subsequent DUI offense.

By order dated August 17, 2022, this panel stayed disposition of the Commonwealth's appeal pending this Court's en banc decision in **Commonwealth v. Moroz**, --- A.3d ---, 2022 PA Super 169 (Pa. Super. filed Oct. 4, 2022) (en banc). In **Moroz**, our Court overruled **Chichkin**, holding that the portion of section 3806(a) that equates prior acceptance of ARD to a prior conviction for purposes of imposing a section 3804 mandatory minimum sentence passes constitutional muster.

Consequently, the Commonwealth is no longer barred from presenting evidence of a prior ARD at a sentencing hearing.[2]  Therefore, the Commonwealth can no longer demonstrate that its prosecution has been

_____

[2] We note that this case has a unique procedural posture due to the pre-trial nature of the underlying order denying the motion *in limine*. When the Commonwealth's appeal was filed, **Chichkin** was still controlling, and, thus, the Commonwealth's case was substantially handicapped by the trial court's denial of its motion *in limine* because trial was the only time the Commonwealth could present evidence of Urrutia's 2011 DUI and ARD acceptance. **See Chichkin**, **supra**. However, during the pendency of this appeal, **Chichkin** was overruled by **Moroz** and now the Commonwealth is expressly permitted to present a prior ARD at the sentencing hearing to enhance mandatory minimums of second or subsequent DUI convictions. **See Moroz**, **supra**. Thus, the Commonwealth's case is no longer substantially handicapped, and the appeal can no longer be taken as of right. **See** Pa.R.A.P. 311(d).

terminated or substantially handicapped, as required by Pa.R.A.P. 311(d).[3]
Accordingly, we lack jurisdiction to entertain this interlocutory appeal, and we
quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2022

---

[3] Appellate review of any court order is a jurisdictional question. **See Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017). We may raise the issue of jurisdiction *sua sponte*. **See Commonwealth v. Yarris**, 731 A.2d 581, 587 (Pa. 1999).