J-A04005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH MICHAEL PARRELLA | : | No. 1403 EDA 2021 |

Appeal from the Order Entered June 15, 2021
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000592-2019

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED NOVEMBER 18, 2022**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Pike County, denying its motion *in limine* seeking permission to present evidence of defendant Joseph Michael Parrella's 2011 driving under the influence (DUI)[1] charge. After careful review, we quash the appeal.

In 2011, Parrella had been charged with DUI, after which he entered into the Accelerated Rehabilitative Disposition (ARD) program, which he successfully completed. Subsequently, on January 27, 2019, the Commonwealth charged Parrella with DUI and related offenses.[2]

---

[1] 75 Pa.C.S.A. § 3806(a).

[2] We note that on December 3, 2019, the Commonwealth, via Criminal Information, amended these charges to third-offense DUIs. Then, on January
*(Footnote Continued Next Page)*

On August 14, 2020, the Commonwealth filed a motion *in limine* requesting that testimony and evidence of Parrella's 2011 arrest be permitted at trial to establish that Parrella's current offense was his third DUI offense. On April 7, 2021, the trial court denied the Commonwealth's motion *in limine*, based largely upon **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), which held as unconstitutional that portion of the DUI statute equating prior acceptance of ARD with a prior conviction for purposes of imposing a mandatory minimum sentence for a second or subsequent DUI offense. **See** Trial Court Opinion, 9/23/21, at 3-7. This panel stayed disposition of the Commonwealth's appeal pending this Court's en banc decision in **Commonwealth v. Moroz**, --- A.3d ---, 2022 PA Super 169 (Pa. Super. filed Oct. 4, 2022) (en banc). Ultimately, in **Moroz**, our Court overruled **Chichkin** and held that the portion of section 3806(a) that equates prior acceptance of ARD to a prior conviction for purposes of imposing a section 3804 mandatory minimum sentence passes constitutional muster.

As a result of our decision in **Moroz**, the Commonwealth is no longer barred from presenting evidence of a prior ARD at a sentencing hearing. Therefore, the Commonwealth can no longer demonstrate that its prosecution has been terminated or substantially handicapped, as required by Pa.R.A.P.

---

17, 2020, via an Amended Criminal Information, the Commonwealth re-amended them to second-offense DUIs. Subsequently, on February 13, 2020, the Commonwealth filed a Second Amended Criminal Information, which changed them back to third-offense DUIs. **See** Trial Court Opinion, 9/23/21, at 1-2.

311(d), for interlocutory appeals as of right.[3, 4]  Accordingly, we lack jurisdiction to entertain this appeal, and we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2022

---

[3] Appellate review of any court order is a jurisdictional question.  **See Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017).  We may raise the issue of jurisdiction *sua sponte*.  **See Commonwealth v. Yarris**, 731 A.2d 581, 587 (Pa. 1999).

[4] Importantly, this case has a unique procedural posture due to the pre-trial nature of the underlying order denying the motion *in limine*.  When the notice of appeal was filed by the Commonwealth, **Chichkin** was still controlling, and, thus, the Commonwealth's case was substantially handicapped by the trial court's denial of their motion *in limine* because, the Commonwealth argues, trial was the only time the Commonwealth could present evidence of Parrella's 2011 ARD.  **See Chichkin**, **supra**.  However, during the pendency of this appeal **Chichkin** was overruled by **Moroz** and now the Commonwealth is expressly permitted to present a prior ARD at the sentencing hearing to enhance mandatory minimums of second or subsequent DUI convictions.  **See Moroz**, **supra**.  Thus, the Commonwealth's case is no longer substantially handicapped, and the appeal can no longer be taken as of right.  **See** Pa.R.A.P. 311(d).