J-A06024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAIRE MALACHI SMITH | : | |
| | : | |
| Appellant | : | No. 296 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000361-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: May 3, 2024**

Zaire Malachi Smith appeals *pro se* from his judgment of sentence for person prohibited from possessing a firearm pursuant to 18 Pa. C.S.A. § 6105. He raises or attempts to raise multiple claims of ineffective assistance of counsel, as well as claims that the trial court abused its discretion by refusing to grant a continuance, that the verdict was not supported by sufficient evidence and that several of his constitutional rights were violated. As we conclude these claims do not entitle Smith to relief, we affirm.

Only a general recitation of the facts is necessary to resolve the issues brought by Smith on appeal. Smith was convicted of the manufacture, delivery or possession of a controlled substance with the intent to manufacture or deliver, a felony, in 2017. **See** N.T. Jury Trial, 10/12/2022, at 58. On January 18, 2022, police executed a search warrant at a residence in Johnstown. **See**

*id.* at 35. During the search, the police discovered an ID card belonging to Smith and a shotgun in a bedroom in the residence. ***See id.*** at 36. Smith was arrested and charged with person prohibited from possessing a firearm.

On August 4, 2022, Smith pleaded guilty to person prohibited from possessing a firearm. The trial court ordered a pre-sentence investigation ("PSI") report and scheduled sentencing for September 21, 2022. At the sentencing hearing, it was noted that the PSI showed that Smith's prior record score was a "3", resulting in a standard range minimum sentence of 42 to 54 months. A probation officer from the Cambria County Probation Department testified how Smith's prior record score had been calculated as a "3". ***See*** N.T., 11/21/2022, at 4-6.

Smith maintained that he had entered the plea under the belief that his prior record score was a "2" and that the plea deal included an agreed-upon sentence of 36 to 72 months' imprisonment. ***See id.*** at 7, 9. In light of these circumstances, the court vacated the guilty plea, and scheduled the matter for a jury trial. ***See id.*** at 8-9.

Following a one-day trial, the jury convicted Smith of person prohibited from possessing a firearm. The court sentenced him to 54 to 108 months' incarceration on October 25, 2022. Smith's trial counsel filed a timely post-sentence motion on November 3, 2022.

On March 3, 2023, while the post-sentence motion was still pending, Smith filed a *pro se* notice of appeal. Trial counsel filed an application to

- 2 -

withdraw as counsel. The trial court held a hearing on the application on March 28, 2023, at which time Smith stated he wished to proceed with his appeal *pro se* and that he was waiving his right to counsel. ***See*** N.T., 3/28/2023, at 2. The trial court granted counsel's application to withdraw. The following day, on March 29, 2023, the trial court entered an order denying Smith's post-sentence motion by operation of law.

The trial court ordered Smith to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Smith complied. In its responsive opinion, the trial court found Smith could not raise his ineffectiveness claims on direct appeal and had waived the remainder of his issues. Smith now raises these four issues for our review:

I. Ineffective assistance of trial counsel[']s failure to interview/investigate [Smith's] case prior to forcing [Smith] to accept a guilty plea; (2) Adequately prepare [Smith] for trial; (3) Abandonment of counsel where counsel failed to file [Smith's] initial appeal; and (4) [Smith's] motion for Rule 600 was never addressed or argued by counsel.

II. Abuse of discretion where the court failed to grant the defendant a continuance after [Smith] was ambushed by the prosecution[']s presentation of a change in [Smith's] prior record score which affected the deal that he was initially offered and his request that counsel be removed due to his ineffectiveness.

III. Sufficiency of evidence did not support the jury's finding of a conviction.

IV. Violation of [Smith's] constitutional rights under Article I, Section 9, and Article 5, Section 9 of Pennsylvania's Constitution; the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

Appellant's Brief at 7.

Before we address Smith's claims, we must determine whether the timing of Smith's notice of appeal implicates our jurisdiction. *See Commonwealth v. Parker*, 173 A.3d 294, 296 (Pa. Super. 2017) (stating that appellate courts may raise jurisdictional issues *sua sponte*). As noted above, Smith filed his *pro se* notice of appeal before the trial court had entered an order resolving his post-sentence motion. Under Pa.R.Crim.P. 720(A)(2), an appellant may not file a direct appeal while his post-sentence motion is still pending. However, this Court has previously found that if a notice of appeal is filed prematurely, and the trial court subsequently denies the post-sentence motion, this Court will treat the appellant's premature notice of appeal as having been properly filed after the entry of the order denying the post-sentence motion. *See Commonwealth v. Ratushny*, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011). We do so here and find that Smith's appeal is ripe for review.

In his first claim, Smith challenges trial counsel's representation on several fronts. These claims do not offer any basis for relief.

As the trial court pointed out, an appellant can generally only raise ineffectiveness claims on collateral appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Our Supreme Court has delineated three exceptions to this general deferral rule. *See Commonwealth v. Delgros*, 183 A.3d 352, 360-361 (Pa. 2018). The first exception allows trial courts to

entertain ineffectiveness claims on direct appeal in extraordinary circumstances, while the second exception allows trial courts to address ineffectiveness claims on direct appeal if there is good cause shown and the defendant expressly waives his entitlement to seek collateral review of his claim. *See id.* at 360. The third exception requires trial courts to consider ineffectiveness claims on direct appeal where the defendant is statutorily precluded from obtaining subsequent collateral review. *See id.* at 361.

Here, as the Commonwealth notes, Smith does not address the general deferral rule or its three recognized exceptions, much less argue that the trial court erred by finding there were no exceptions applicable to Smith's circumstances. Despite Smith's failure in this regard, we reviewed the certified record and note that we fail to see how any of these exceptions to the general deferral rule apply here. Therefore, Smith must, as the trial court concluded, wait to raise his ineffectiveness claims in any collateral appeal he may file.

In his second claim, Smith argues the trial court erred by denying his motion for a continuance. For the following reasons, this claim fails.

In rejecting this issue, the trial court found that Smith failed to identify the place in the record where he requested a continuance or where the court denied any such request. Therefore, the court did not address the merits of the issue. Smith now essentially argues in his appellate brief that he made an oral motion for a continuance at the "opening of the proceedings," but does

not cite any relevant page numbers in the notes of testimony. Appellant's Brief at 17.

Although it is an appellant's burden to point to the place in the record where he preserved his issue, *see* Pa.R.A.P. 2119(e), and Smith has not properly done so here, our independent review of the notes of testimony reveal that there was an oral motion for a continuance and a denial of that motion. **See** N.T. Jury Trial, 10/12/2022, at 3, 4. Notwithstanding this, Smith completely fails to cogently argue how the trial court abused its discretion by denying him a continuance. Smith now baldly claims he needed the continuance for "him and his [trial counsel] to properly prepare for trial," but then turns around and alleges he needed the continuance to secure his counsel of choice. Appellant's Brief at 18. No explanation or justification is provided by Smith as to the reasons these considerations were not resolved prior to trial. Smith's undeveloped and inconsistent claim, even if properly preserved, does not warrant any relief. **See Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that claims that are not sufficiently developed are waived).

Inside this claim, Smith also makes an argument that the court demonstrated bias against him at a sidebar during closing arguments. This claim is waived for multiple reasons. First, it is not in Smith's brief's statement of the questions involved section, in violation of Pa.R.A.P. 2116(a). It is also not included in the heading of Smith's argument, in violation of Pa.R.A.P.

2119(a). Further, Smith offers no legal authority in support of this claim, also in violation of Pa.R.A.P. 2119(a). We recognize Smith is *pro se*, but even *pro se* appellants are required to follow our Rules of Appellate Procedure. ***See Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037-1038 (Pa. Super. 2018). Smith has not done so here.

In his third issue, Smith argues the evidence was insufficient to support his conviction. The trial court found, and the Commonwealth argues, that this sufficiency challenge is also waived. We agree.

In addressing this issue, the trial court first noted that Smith made only a boilerplate sufficiency claim in his Rule 1925(b) statement without identifying which element of his convicted offense he was challenging. This Court has clearly held that a sufficiency claim is waived if the Rule 1925(b) statement fails to articulate the specific elements of the crime which the appellant is challenging as having been insufficiently proven. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008).

Nonetheless, the trial court found that Smith had also waived the issue because he had not properly ordered a transcript of the jury trial, as was his burden to do. While we certainly agree with the trial court that it is the appellant's burden to ensure the necessary transcripts are part of the certified record, we note that the notes of testimony from the jury trial were included in the certified record sent to this Court.

Although the record contains the relevant transcript, we nonetheless find that Smith has waived this issue for failure to sufficiently develop it. As was the case in his Rule 1925(b) statement, Smith does not specify which element of person prohibited from possessing a firearm he is arguing the Commonwealth did not prove. He does not even set out the elements necessary to sustain a conviction for person prohibited from possessing a firearm. Smith does generally mention possession, but he does not attempt to explain how the Commonwealth failed to prove possession here. As the Commonwealth argues:

> Smith does not identify in anything approaching a legal analysis how his unsubstantiated sufficiency claims merit relief. There is no discussion about which element(s) the Commonwealth failed to prove. The Commonwealth cannot adequately respond to such a dearth of argument. Smith inexplicably argues that upon granting his appeal in this regard, the case be remanded so that new counsel can "properly address this claim." He does not cite any authority that supports such a remedy when a sufficiency claim is raised on appeal.

Commonwealth's Brief at 11 (citation omitted).

We agree with the Commonwealth that this issue is waived. Not only does Smith's failure to develop his claim preclude this Court from engaging in any meaningful review of his claim, but Smith completely fails to explain how he is entitled to the relief requested. *See Love*, 896 A.2d at 1287. Therefore, no relief is due.

In his final claim, Smith maintains his constitutional rights were violated "by the actions of the police, the Commonwealth, [his trial counsel] and the

Court." Appellant's Brief at 22. We are constrained to find, as the trial court did, that this final claim is also waived.

The trial court found that Smith failed to adequately raise this issue in his Rule 1925(b) statement:

> Smith has failed to specify which right or rights were violated and further has failed to explain how those rights were violated by the actions or lack of action by the Court or counsel. This lack of specificity makes review of these claims impossible and as such Smith has waived this issue on appeal.

Trial Court Opinion, 5/24/2023, at 9.

We agree with the trial court that Smith has waived his constitutional challenges for this reason alone. *See Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (stating that issues not properly raised in the Rule 1925(b) statement are waived); Pa.R.A.P. 1925(b)(4)(ii), (vii).

We also agree with the Commonwealth that Smith has waived his constitutional challenges because, although Smith purports to raise violations of several of his constitutional rights, he fails to divide his argument in compliance with Pa.R.A.P. 2119(a), which mandates:

> [t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

 Pa.R.A.P. 2119(a).

Instead, Smith offers an argument under a single heading, where he makes several boilerplate assertions of constitutional infringements, including that the search of his home was illegal, the search warrant for his home was

not supported by probable cause, and the trial court was biased and acted as an advocate for the Commonwealth during a sidebar discussion during closing arguments. However, Smith fails to offer a coherent argument substantiating any of these claims or establishing how they entitle him to relief. He also, at times, veers back into challenging trial counsel's representation. As the Commonwealth asserts, "Smith's arguments are either misdirected back to collateral review issues or simply broad and boilerplate." Commonwealth's Brief at 13. We agree with both the trial court and the Commonwealth that Smith's constitutional claims are waived, *see Love*, 896 A.2d at 1287, and that Smith has not raised any claims that entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/03/2024