J-A05010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY ALLEN BREAKIRON | : | |
| | : | |
| Appellant | : | No. 459 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002177-2018

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: April 16, 2025**

Troy Allen Breakiron (Appellant) appeals, *nunc pro tunc*, from the judgment of sentence imposed following his jury convictions of persons not to possess firearms, firearms not to be carried without a license, and fleeing or attempting to elude a police officer.[1] Appellant's court-appointed counsel, Phyllis A. Jin, Esquire (Counsel), has filed in this Court a petition to withdraw as counsel and an accompanying brief in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 249 (Pa. 2009). Because we conclude the PCRA[2] court improperly

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6106; 75 Pa.C.S.A. § 3733.

[2] Post Conviction Relief Act, **see** 42 Pa.C.S.A. §§ 9541-9546.

granted *nunc pro tunc* relief, we vacate the PCRA court's January 19, 2024, order reinstating Appellant's direct appeal rights. We additionally deny Counsel's petition to withdraw as moot.

On March 4, 2019, a jury found Appellant guilty of the above-mentioned crimes.[3] On March 7, 2019, the trial court sentenced Appellant to an aggregate 6 to 12 years in prison.

Appellant filed a counseled notice of appeal on April 15, 2019, beyond the 30-day period for filing a direct appeal. ***See*** Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed "within 30 days after the entry of the order from which the appeal is taken"). On April 24, 2019, Appellant filed a counseled petition to appeal *nunc pro tunc*, which the trial court granted on the same date. Appellant did not file another notice of appeal. This Court subsequently quashed the appeal as untimely filed, and explained that the trial court's order granting Appellant's petition to appeal *nunc pro tunc* was a legal nullity under Pa.R.A.P. 1701(a).[4] ***See Commonwealth v. Breakiron***, 240 A.3d 154, 555 MDA 2019 (Pa. Super. 2020) (unpublished memorandum).

On June 4, 2021, Appellant, *pro se*, filed a timely PCRA petition. In relevant part, Appellant argued trial counsel was ineffective for failing to file a

---

[3] Appellant was represented at trial by Michael Aubele, Esquire (trial counsel).

[4] Rule 1701(a) provides that "after an appeal is taken …, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

timely direct appeal. The PCRA court appointed James Natale, Esquire (Attorney Natale), to represent Appellant. Attorney Natale filed an amended PCRA petition on Appellant's behalf, arguing trial counsel was ineffective for filing an untimely notice of appeal, which resulted in quashal of Appellant's appeal. On July 29, 2021, the PCRA court granted Appellant's request for *nunc pro tunc* relief, and ordered Appellant to file a notice of appeal within 30 days.[5]

Appellant filed a *nunc pro tunc* appeal on August 23, 2021. In his direct appeal, Appellant raised two issues, each of which challenged the admission of certain evidence at trial. This Court addressed and rejected Appellant's claims on the merits, and affirmed his judgment of sentence. ***See Commonwealth v. Breakiron***, 279 A.3d 1241, 979 WDA 2021 (Pa. Super. 2022) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. ***See Commonwealth v. Breakiron***, 285 A.3d 324 (Pa. 2022).

On October 17, 2022, Appellant, *pro se*, filed a PCRA petition, which was identical to the petition he filed in June 2021. Notably, Appellant again raised an ineffectiveness claim based on trial counsel's untimely filing of his notice of

---

[5] In the amended PCRA petition, Appellant also argued trial counsel was ineffective for failing to preserve a challenge to the weight of the evidence, and requested that the PCRA court grant him permission to file a post-sentence motion *nunc pro tunc*. The PCRA court's July 29, 2021, order did not address this request.

- 3 -

appeal. The trial court appointed Mark Mehalov, Esquire (Attorney Mehalov), to represent Appellant. Attorney Mehalov filed an amended PCRA petition. Despite acknowledging that Appellant was previously represented by counsel throughout appellate proceedings, Attorney Mehalov restated Appellant's claim that trial counsel's ineffectiveness resulted in quashal of his direct appeal.

Subsequently, Attorney Mehalov sought and was granted leave to withdraw from representation, and the PCRA court appointed Counsel to represent Appellant. On January 19, 2024, the PCRA court issued an order reinstating Appellant's direct appeal rights and directing Counsel to file a *nunc pro tunc* appeal within 30 days. Counsel failed to do so. On April 15, 2024, the PCRA court ordered Counsel to file a notice of appeal within 10 days, or face a contempt hearing for her inaction on Appellant's case. Two days later, Counsel filed a *nunc pro tunc* appeal on Appellant's behalf. Appellant subsequently filed a Pa.R.A.P. 1925(b) concise statement, challenging the sufficiency of the evidence supporting his convictions. The trial court filed a Rule 1925(a) opinion addressing Appellant's sufficiency claim.

On October 29, 2024, Counsel filed a petition to withdraw from representation and an ***Anders*** brief. The Commonwealth did not file an appellate brief.

Initially, we must consider the unique procedural posture of this case, and determine whether we have jurisdiction over this appeal. ***See***

- 4 -

*Commonwealth v. Parker*, 173 A.3d 294, 296 (Pa. Super. 2017) ("A court may consider the issue of jurisdiction *sua sponte*."). Here, there is no dispute that trial counsel was ineffective for filing an untimely notice of appeal, and said ineffectiveness resulted in quashal of Appellant's direct appeal. **See Breakiron**, 240 A.3d 154 (unpublished memorandum).

Appellant then successfully litigated a PCRA petition in 2021, and the PCRA court reinstated his direct appeal rights, *nunc pro tunc*. Appellant filed a *nunc pro tunc* direct appeal, which he fully litigated in this Court before seeking discretionary review in our Supreme Court. **Thereafter, Appellant's judgment of sentence became final.** **See** 42 Pa.C.S.A. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").[6]

Appellant was entitled to seek collateral review through the PCRA after the judgment of sentence became final. **See** 42 Pa.C.S.A. §§ 9543(a)(2) (identifying cognizable claims under the PCRA), 9545(b)(1) (a PCRA petition "shall be filed within one year of the date the judgment becomes final").

---

[6] Appellant did not file a petition for writ of *certiorari* in the United States Supreme Court.

However, Appellant was not entitled to a **second** reinstatement of his direct appeal rights.[7, 8]

After review, we conclude the PCRA court lacked authority to grant Appellant's request for *nunc pro tunc* relief a second time. Similarly, as Appellant's judgment of sentence is final, and he has not argued or established his eligibility for relief under section 9543 of the PCRA, we lack jurisdiction to address Appellant's claims. Based upon the foregoing, we vacate the PCRA court's July 29, 2021, order reinstating Appellant's direct appeal rights, and deny Counsel's petition to withdraw as moot.

PCRA court order vacated. Petition to withdraw denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/16/2025

---

[7] The PCRA court briefly states in its Rule 1925(a) opinion that Attorney Mehalov "missed the fact that a prior appeal had been filed which corrected this issue." PCRA Court Opinion, 7/17/24, at 2. While that may be true, the oversight was shared by the PCRA court, which granted *nunc pro tunc* relief, as well as by Counsel, whose **Anders** brief fails to mention Appellant's prior direct appeal.

[8] We observe that Appellant's PCRA petition raised two additional ineffective assistance of counsel claims. Ineffectiveness claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii).

- 6 -