J-S09022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EFRAIN MIRANDA III | : | |
| | : | |
| Appellant | : | No. 1347 EDA 2023 |

Appeal from the Order Entered May 15, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004165-2011

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 12, 2024**

Appellant Efrain Miranda, III, appeals *pro se* from the order denying his motion to correct sentence. Appellant contends that the trial court imposed an illegal sentence by failing to impose a recidivism risk reduction incentive[1] (RRRI) minimum sentence. After careful review, we affirm.

The trial court set forth the following procedural history:

[Appellant] entered pleas of guilty on July 18, 2012, to ten (10) counts of possession with intent to deliver a controlled substance (cocaine), conspiracy to commit possession with intent to deliver a controlled substance (cocaine), and corrupt organizations.[2] The plea agreement entailed a cap of the minimum aggregate sentence at twelve (12) years. On September 6, 2012, [the trial court] sentenced [Appellant] to an aggregate term of state imprisonment of not less than twelve (12) years nor more than twenty-nine (29) years. Additionally, the [trial court] did not make [Appellant] RRRI eligible. [Appellant] filed timely post-

_____

[1] 61 Pa.C.S. §§ 4501-4512.

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 903 and 911(b)(1), respectively.

sentence motions in the form of a motion for modification of sentence. [Appellant's] post-sentence motions were thereafter denied on September 20, 2012. [Appellant did not file a direct appeal].

Subsequently, on July 8, 2013, [Appellant] filed a motion for [relief pursuant to the Post Conviction Relief Act[3] (PCRA)], as amended on or about August 19, 2013 and November 22, 2013. An evidentiary hearing relative to [Appellant's] motion was conducted before [the PCRA court] on December 6, 2013. Subsequently, on December 10, 2013, [the PCRA court] denied [Appellant's] requested relief. [Appellant] appealed on or about January 7, 2014. The Superior Court affirmed the [the PCRA court's] judgment and sentence on December 23, 2014. [*Commonwealth v. Miranda*, 229 EDA 2014, 2014 WL 10753724 (Pa. Super. filed Dec. 23, 2014) (unpublished mem.) (*Miranda I*)]. An appeal requesting reinstatement of appellate rights followed on August 21, 2017. The Superior Court of Pennsylvania quashed [Appellant's] appeal on October 23, 2017. Then, [Appellant] filed a petition for writ of habeas corpus based on lack of subject matter jurisdiction on December 8, 2017. [The PCRA court] denied [Appellant's] petition on December 19, 2017. An appeal followed on January 4, 2018. The Superior Court of Pennsylvania affirmed the [PCRA court's] order on November 20, 2018. [*Commonwealth v. Miranda*, 263 EDA 2018, 2018 WL 6058521 (Pa. Super. filed Nov. 20, 2018) (unpublished mem.) (*Miranda II*)]. Then, on or about April 12, 2019, [Appellant] filed another petition for writ of habeas corpus based on lack of subject matter jurisdiction. [The PCRA court] denied said petition on April 12, 2019. On August 28, 2020, [Appellant] filed a subsequent [PCRA petition]. After providing [Appellant] with a notice of intent to dismiss on September 14, 2020, and furnishing [Appellant] with an opportunity to respond, [the PCRA court] denied [Appellant's] subsequent [PCRA petition] on October 20, 2020. [Appellant] timely appealed this decision. The Superior Court of Pennsylvania affirmed [the PCRA court's] judgment and decision on October 18, 2021. [*Commonwealth v. Miranda*, 2196 EDA 2020, 2021 WL 4839342 (Pa. Super. filed Oct. 18, 2021) (unpublished mem.) (*Miranda III*)]. Thereafter, on February 4, 2022, [Appellant] filed a motion to clarify/correct sentence *nunc pro tunc*. [The PCRA court] denied said motion on February 22, 2022. An appeal followed on March 29, 2022 and the Superior Court of

---

[3] 42 Pa.C.S. §§ 9541-9546.

Pennsylvania affirmed [the PCRA court's] order on [November 15, 2022. **Commonwealth v. Miranda**, 913 EDA 2022, 2022 WL 16943294 (Pa. Super. filed Nov. 15, 2022) (unpublished mem.) (**Miranda IV**)].

Then, on February 28, 202[3], [Appellant] filed a motion to correct sentence to include RRRI minimum sentence. [The trial court] denied [Appellant's] requested relief on March 14, 2023. Subsequently, on April 25, 2023, [Appellant] filed another motion to reconsider and modify sentence that [the trial court] denied on April 27, 2023. Thereafter, on May 10, 2023, [Appellant] filed another motion to correct sentence to include RRRI minimum sentence that [the trial court] denied on May 15, 2023.

Trial Ct. Op., 8/14/23, at 1-3 (some citations omitted and some formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for our review:

Did the Commonwealth error [sic] by failing to impose a RRRI minimum sentence on an eligible offender?

Appellant's Brief at 2 (formatting altered).

Before we can review the merits of Appellant's appeal, we must first determine whether we have jurisdiction to do so. **See Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017) (reiterating that an appellate court may consider the issue of jurisdiction at any time). "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). "Challenges to the legality of a sentence are cognizable

under the PCRA." ***Commonwealth v. Whiteman***, 204 A.3d 448, 451 (Pa. Super. 2019) (citation omitted). However, challenges to the legality of a sentence are subject to the PCRA's time limitations. ***See Commonwealth v. Washington***, 142 A.3d 810, 813-14 (Pa.2016).

In the instant case, Appellant contends that the trial court erroneously determined that he was not RRRI eligible at the time of his sentencing. ***See*** Appellant's Brief at 5-10. This Court has held that, "[i]t is legal error to fail to impose a RRRI minimum [sentence] on an eligible offender. Separate from legal error, [***Commonwealth v. Robinson***, 7 A.3d 868 (Pa. Super. 2010)], also holds that it is an illegal sentence to fail to impose a RRRI minimum . . . ." ***Commonwealth v. Tobin***, 89 A.3d 663, 670 (Pa. Super. 2014). Accordingly, the PCRA is the sole remedy by which Appellant may pursue his claim, and we shall treat Appellant's motion as a PCRA petition. ***See Whiteman***, 204 A.3d at 451; ***Taylor***, 65 A.3d at 465.

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted and emphasis omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote

- 4 -

omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17, ***see also*** 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[4]

It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d

---

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *See Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Here, Appellant did not file a direct appeal from his judgment of sentence. Therefore, Appellant's judgment of sentence became final on October 22, 2012.[5] *See* 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(2)(a). Accordingly, Appellant had until October 22, 2013, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's instant petition, filed on February 28, 2023, is therefore facially untimely.

Further, Appellant did not argue an exception to the PCRA time bar in his *pro se* motion to correct sentence. Therefore, because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claim. *See Miller*, 102 A.3d at 992; *see also Ballance*, 203 A.3d at 1031. Therefore, we do have jurisdiction to review the merits of Appellant's motion to correct sentence. For these reasons, we affirm.

---

[5] The trial court denied Appellant's post-sentence motions on September 20, 2012. Because October 20, 2012 fell on a Saturday, Appellant could have timely filed a notice of appeal on Monday, October 22, 2012. 1 Pa.C.S. § 1908.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date:  4/12/2024